SCOTT JOHNSON & others[1] *vs.* HANOVER INSURANCE COMPANY
& another.[2]

Norfolk. April 9, 1987. — June 11, 1987.

Present: WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Insurance,* Motor vehicle insurance, Uninsured motorist, Regular use exclusion, Construction of policy.

A plaintiff who, while riding a motorcycle owned by him, sustained personal injuries resulting in claims against two insurers under the uninsured coverage portions of his parents' two separate policies of insurance covering separate vehicles, neither of which listed the son's motorcycle in the coverage selection section, although he was a member of his parents' household, was a "person insured thereunder," as that term is used in G. L. c. 175, § 113L, entitled to recover damages caused by an uninsured motorist, notwithstanding provisions in his parents' policies purporting to exclude such recovery. [262-264]

The "regular use exclusion" provision of a policy of motor vehicle insurance purporting to limit uninsured motorist coverage by preventing an insured from recovering amounts in excess of the compulsory minimum coverage of $10,000 required by G. L. c. 175, § 113L, was contrary to the language and policy of the uninsured motor vehicle statute, including c. 175, § 113C, requiring insurers to offer an additional $15,000 of optional underinsurance coverage, and was therefore unenforceable. [264-265]

The "regular use exclusion" provision of a policy of motor vehicle insurance may be applied to limit uninsured motorist benefits outside those mandated by G. L. c. 175, §§ 113L and 113C, and provided solely at the option of the insurer. [265-266]

CIVIL ACTION commenced in the Superior Court Department on August 22, 1984.

The case was heard by *John Paul Sullivan,* J., on motions for summary judgment.

[1] Roy E. Johnson, Margaret Johnson.

[2] General Accident Fire Insurance Company.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Francis J. Lynch, II,* for Hanover Insurance Company.

*James J. D'Ambrose (Francis J. Finnell* with him) for the plaintiffs.

*Thomas D. Dolan,* for General Accident Fire Insurance Company, was present but did not argue.

LYNCH, J. This is one of two cases we decide today which call for the interpretation and application of our decision in *Cardin* v. *Royal Ins. Co.,* 394 Mass. 450 (1985). See *Morrissey* v. *Peerless Ins. Co., post* 1003 (1987). In *Cardin,* we held that a policy provision could not exclude an insured's recovery for losses caused by an uninsured motorist which the Legislature required be insured against, G. L. c. 175, § 113L, or the insured be given the option of insuring against, G. L. c. 175, § 113C. The instant case raises the applicability of the *Cardin* holding to a household member other than the named insured. It also raises the issue whether an exclusion similar to the one in *Cardin* can be validly applied to prevent an insured from recovering amounts in excess of the statutory compulsory minimum coverage amount. See G. L. c. 175, § 113L (1).

The defendant insurers appeal from a judgment entered in the Superior Court, on cross motions for summary judgment, declaring that a member of the household of an insured may not be denied uninsured motorist coverage by application of the "regular use exclusion" in his parents' insurance policies. The judge ruled that our decision in *Cardin* v. *Royal Ins. Co., supra,* invalidating the "regular use exclusion" as inconsistent with G. L. c. 175, § 113L,[3] applied. The judge also ruled that

---

[3] General Laws c. 175, § 113L (1984 ed.), provides in pertinent part: "(1) No policy shall be issued or delivered in the commonwealth with respect to a motor vehicle, trailer or semitrailer registered in this state unless such policy provides coverage in amounts or limits prescribed for bodily injury or death for a liability policy under this chapter, under provisions approved by the insurance commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles, trailers or semitrailers and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom."

§ 113L's reference to "persons insured thereunder" should be read to apply to both the insured and household members when the policy has offered them coverage. Finally, the judge declared that each defendant is to pay the plaintiff "an amount not in excess of the monetary limit of the uninsured portion of [its] policy." The defendants appealed and we transferred the case to this court on our own motion. We affirm in part and reverse in part.

The facts are not in dispute. On August 24, 1981, the plaintiff, Scott Johnson, was injured while operating a motorcycle owned by him. The injury resulted from a collision with an uninsured motor vehicle. At the time of the accident, the plaintiff was a member of the household of his parents, Roy E. Johnson and Margaret Johnson. Each parent had an insurance policy covering separate vehicles which provided for $100,000 coverage for uninsured motorist claims.[4] Scott Johnson's motorcycle was not listed on the coverage selection page of either policy.

Each policy provided, in the relevant coverage section (Part 3), that:

"We will *not* pay for:

". . . .

3. Anyone injured while occupying an auto owned or regularly used by you or a household member but which is not an auto shown on the Coverage Selections page."

The plaintiffs presented a claim for $100,000 to each defendant under the uninsured coverage portion of each policy. The de-

---

[4] Roy E. Johnson owned a motor vehicle insured under a Massachusetts Motor Vehicle Policy, Second Edition (issued in 1979), as amended by the 1981 Mandatory Endorsements, by the defendant, Hanover Insurance Company, with $100,000 coverage for Bodily Injury Caused by an Uninsured Auto (Part 3). Margaret Johnson owned a separate motor vehicle insured under such a policy by the defendant, General Accident Fire Insurance Company, also with $100,000 uninsured coverage. The coverage selections page of each policy indicates that the uninsured motorist claims coverage (Part 3) premium also included coverage for Bodily Injury Caused by an Underinsured Auto (Part 7).

fendants denied the claims, indicating that the exclusion quoted above precluded coverage for the injuries sustained by Scott Johnson.

1. The defendants initially seek to distinguish the case at bar from *Cardin* on the ground that the injury in *Cardin* involved an injury to a named insured, whereas here the plaintiff is a member of the insureds' household. The insurers argue that coverage of household members is not required by statute but is offered by contract, and that therefore the contractual regular use exclusion may properly be applied to household members.

As support for their position, the defendants point to the language of G. L. c. 175, § 113L, which mandates coverage "under provisions approved by the insurance commissioner, for the protection of persons insured thereunder." They contend that the term "persons insured thereunder" in § 113L, should be read as referring to those persons insured under the statutorily defined motor vehicle liability policy, G. L. c. 90, § 34A, as it appeared in 1968, when G. L. c. 175, § 113L, was enacted making uninsured coverage compulsory. At that time, persons insured under a motor vehicle liability policy as defined by G. L. c. 90, § 34A, as amended through St. 1967, c. 736, were "the insured and any person responsible for the operation of the insured's motor vehicle with his express or implied consent."

Contrary to the defendant's contention, however, G. L. c. 90, § 34A, does not attempt to define the term "persons insured thereunder." The term as used in § 34A is part of the definition of "[m]otor vehicle liability policy." Additionally, G. L. c. 90, § 34A, was enacted as part of an over-all system of compulsory motor vehicle liability insurance. Uninsured motorist coverage is distinct from automobile liability insurance. *Manning* v. *Fireman's Fund Am. Ins. Cos.,* 397 Mass. 38, 41 (1986). *Cardin, supra* at 452. It is not an additional liability coverage but rather "limited personal accident insurance."[5] *Id.*

---

[5] While we noted in *Cardin, supra* at 452, that "uninsured protection is limited personal accident insurance chiefly for the benefit of the named

The distinction between the two coverages compels the conclusion that reference to G. L. c. 90, § 34A, in attempting to define the term "persons insured thereunder" in G. L. c. 175, § 113L, is, therefore, inappropriate.

General Laws c. 175, § 113L, was enacted to protect the public from injury caused by negligent and financially irresponsible motorists. *Cardin, supra* at 454. It was intended to protect "the named insured and members of his family in the event of death or injury caused by the negligence of an uninsured motorist, whether such accident victims are occupants of a motor vehicle or pedestrians." 1968 Senate Doc. No. 1030, at 6-7. We conclude, therefore, that the Legislature intended to include household members within the protection of § 113L at the time of its enactment. In our view the term "persons insured thereunder" as used in § 113L refers to those persons who are designated within the applicable policy provision as being insured for the purpose of uninsured motorist coverage.[6]

The policies here involved are the Massachusetts Automobile Insurance Policy, Second Edition (issued in 1979), as amended by the 1981 Mandatory Endorsements. Part 3. "Bodily Injury Caused by An Uninsured Auto," provides in pertinent part:

"1. We will pay damages to or for:
1. You, or any household member.
2. Anyone occupying your auto with your consent at the time of the accident.
3. Anyone else for damages he or she is entitled to recover because of injury to a person covered under this Part."

The parties have stipulated that Scott Johnson was a member of his parent's household. Scott Johnson was, therefore, an

---

insured," this statement should not be construed as holding that G. L. c. 175, § 113L, specifically excludes household members from its protection. The statement merely distinguishes uninsured motorist protection from liability insurance.

[6] Although we are not called upon in the instant case to decide the issue, we express our reservation as to whether § 113L would permit the defendants to exclude from a policy the injured plaintiff. See A. Widiss, Uninsured and Underinsured Motorist Insurance § 4.27 (2d ed. 1987).

insured under Part 3 of both his parents' policies and within the statutory mandate embodied in § 113L by the terms of that statute.

2. The defendants recognize that, "no matter how explicit the exclusionary language may be, it cannot prevail if it is contrary to the statutory language or the legislative policy of G. L. c. 175, § 113L." *Cardin, supra* at 453. They contend, however, that the regular use exclusion is valid and enforceable as to uninsured coverage in excess of the compulsory minimum of $10,000 required by § 113L. We disagree with respect to that coverage required to be offered by G. L. c. 175, § 113C.[7]

The defendants' position is inconsistent with the result reached in *Cardin*. Had the defendants' reasoning been applied to the facts in *Cardin,* the plaintiff there would have been subject to the exclusion above the compulsory minimum. Instead, we held the exclusion invalid as to not only the compulsory minimum of $10,000, but also the $15,000 of optional underinsurance coverage required to be offered by G. L. c. 175, § 113C, as amended through St. 1971, c. 520, § 1.[8] "While the Legislature has set minimum coverage limits of 'at least' $10,000 per person per accident, that does not mean that the legislative purpose has been met whenever that person receives the statutory minimum, regardless of her actual dam-

---

[7] General Laws c. 175, § 113C (1984 ed.), provides in pertinent part: "Except for coverages which insurers may refuse to offer under the provisions of paragraph (A) of section one hundred and thirteen H, no company shall issue such motor vehicle liability policies or act as surety upon such motor vehicle liability bonds unless it makes a mandatory offer to issue to any person purchasing such policy or bond, at his option, additional coverage, beyond that required by section thirty-four A of chapter ninety, . . . of uninsured motor vehicle coverage, additional coverage beyond that required by section one hundred and thirteen L of at least fifteen thousand dollars on account of injury to or death of one person and forty thousand dollars on account of any one accident resulting in injury to or death of more than one person, provided that such additional amount of uninsured motor vehicle coverage chosen shall not exceed the amount of additional bodily injury coverage chosen under this section."

[8] While *Cardin* makes reference to "any exclusion" to underinsured motorist coverage, that language must be interpreted in light of the facts at issue in *Cardin*. See *infra* at 265.

ages." *Cardin, supra* at 454 (footnote omitted). We also noted in a footnote the increased scope of the legislative purpose relative to underinsurance coverage since *Royal Indem. Co.* v. *Blakely,* 372 Mass. 86 (1977). *Cardin, supra* at 454 n.5. Accordingly, we hold the exclusion at issue invalid to the extent it conflicts with the legislative purpose underlying uninsured motorist coverage as expressed in G. L. c. 175, §§ 113L and 113C.

3. The remaining policy coverage at issue involves coverage above the compulsory minimum required by § 113L and optional amounts required to be offered by § 113C. For the reasons expressed below, we conclude that the regular use exclusion may be applied to uninsured motorist benefits outside the mandate of §§ 113L and 113C and provided strictly at the option of the insurer.

It is important to note that this coverage was not at issue in *Cardin, supra.* In *Cardin,* the plaintiff carried $10,000 of coverage required by § 113L. In addition, she elected to purchase the full $15,000, of coverage required to be offered by § 113C, so that the aggregate uninsured motorist coverage available to the plaintiff and at issue was $25,000. Thus no issue was presented with respect to coverage in excess of the §§ 113L and 113C limits. Neither was the issue presented in *Lumbermens Mut. Casualty Co.* v. *DeCenzo,* 396 Mass. 692 (1986). In *DeCenzo,* where we upheld the application of an exclusion restricting coverage to the highest single limit in any one policy, underinsurance coverage was not compulsory so that *Cardin*'s refusal "to sanction reductions in coverage for which the Legislature has not provided" had no application. *DeCenzo, supra* at 695, quoting *Cardin, supra* at 455. At the time of DeCenzo's son's accident in 1979, one year before the enactment of the amendment to § 113L, which made underinsurance coverage compulsory, see St. 1980, c. 532, § 2, legislative policy did not invalidate restrictions in coverage and therefore DeCenzo's coverage was determined by the terms of his policy. *DeCenzo, supra* at 695. See *Royal-Globe Ins. Co.* v. *Schultz,* 385 Mass. 1013 (1982) (upholding "regular use exclusion" barring recovery of underinsured motorist ben-

efits for a 1978 accident). See also *Thomas* v. *Hartford Accident & Indem. Co.,* 398 Mass. 782 (1986) (regular use exclusion applied to medical payments coverage where medical payments coverage not compulsory).

Read together, *Cardin* and *DeCenzo,* demonstrate that application of a policy exclusion limiting uninsured motorist coverage is restricted only to the extent that such coverage or the offer of it is mandated by statute. There is no statutory basis for holding that uninsured motorist coverage offered solely at the option of the insurer be exempted from the exclusion at issue. The Legislature, having left the offer of such additional coverage entirely to the discretion of the insurer, cannot be said to have expressed a policy decision to void application of the contractual terms of the policy.

"We must construe the words of the policy according to 'the fair meaning of the language used, as applied to the subject matter,' . . . as long as the statutory language or legislative policy of G. L. c. 175, § 113L, is not contravened." *Manning* v. *Fireman's Fund Am. Ins. Cos.,* 397 Mass. 38, 40 (1986) (citations omitted). With respect to uninsured motorist coverage above that required by § 113L, this principle must comprehend the language and legislative policy of § 113C as well. Any benefits provided above those which are the subject of §§ 113L and 113C are purely optional and thus entirely a matter of contract. Here the exclusion is explicit and unambiguous; see, *Cardin, supra* at 453; *Royal-Globe Ins. Co.* v. *Schultz, supra,* and therefore the terms of the policy operate to exclude that coverage outside the mandate of §§ 113L and 113C.

Accordingly, we affirm so much of the judgment allowing the plaintiffs to recover uninsured motorist benefits under the Massachusetts automobile insurance policies issued by the defendants in the amount of $25,000, and reverse that part of the judgment entitling the plaintiffs to recover under the policies issued by the defendants in excess of that amount.

*So ordered.*