JAMES WOODMAN *vs.* HARTFORD ACCIDENT AND INDEMNITY COMPANY. No. 88-P-407. May 5, 1989. *Insurance*, Motor vehicle insurance, Regular use exclusion, Construction of policy.

While driving his mother's Mercury station wagon, Christopher J. Taddeo was in an accident on July 5, 1980, in which several people were injured. Actions were brought against Christopher and others; the plaintiff in this action amended his complaint to add Hartford Accident and Indemnity

Company (Hartford) as a defendant.[1] Since the insurance policy on the Mercury had optional bodily liability coverage of only $10,000 per person and $20,000 per accident, and since the Taddeo household had two other vehicles having greater optional bodily liability coverage, the plaintiff, one of the persons injured, sought to "stack"[2] the other policies onto the Mercury coverage. The other two vehicles, a Cougar sedan and a Ford van, were each owned by Christopher's father and were insured by Hartford; the Cougar with optional bodily injury coverage of $25,000 per person, $50,000 per accident and the Ford with $100,000 per person and $300,000 per accident. A judge of the Superior Court held that Christopher was protected by the Cougar policy but that the "regular use" exclusion contained in the Ford policy precluded coverage. A judgment with the requisite determination was entered under Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974).

Hartford does not contest the ruling that Christopher is covered under the Cougar policy, and this appeal by the plaintiff relates only to the policy on the Ford. As to that policy, he claims: (1) the judge misconstrued the "regular use" exclusion; (2) even if the exclusion literally applies, it must be disregarded as contrary to the legislative language and policy expressed in G. L. c. 90, § 34A, and c. 175, § 113C, see *Cardin* v. *Royal Ins. Co.*, 394 Mass. 450, 452 (1985); and (3) citing *Flattery* v. *Gregory*, 397 Mass. 143 (1986), the plaintiff is a third-party beneficiary who can require stacking. We reject the plaintiff's arguments and affirm the judgment.

1. The Ford policy provided that coverage applied with respect "to any other motor vehicle" driven by a household member with permission of the owner. What is referred to as the "regular use" exclusion, however, stated that the insuring agreement does not apply "to any motor vehicle owned by or furnished for regular use to either the named insured or a member of the same household . . . ." Since it was stipulated that the Mercury was a motor vehicle owned by and regularly used by Christopher's mother, the exclusion applies on its face. It is explicit and unambiguous.

2. "[N]o matter how explicit the exclusionary language may be, it cannot prevail if it is contrary to the statutory language or the legislative policy of [G. L. c. 90, § 34A or c. 175, § 113C]." *Cardin* v. *Royal Ins. Co.*, 394 Mass. at 453. In *Johnson* v. *Hanover Ins. Co.*, 400 Mass. 259, 265 (1987), however, a case involving uninsured motorist coverage, the Supreme Judicial Court made clear that the contractual terms of an insurance policy, indeed the regular use exclusion, are valid as applied to any coverage which exceeds the combined compulsory minimum required by G. L. c. 175,

---

[1] This action was consolidated in the Superior Court with four other personal injury actions arising out of the July 5, 1980, accident.

[2] "Stacking is where a claimant adds all available policies together to create a greater pool in order to satisfy his actual damages." *Cardin* v. *Royal Ins. Co.*, 394 Mass. 450, 456 n.7 (1985), quoting from 12A M.S. Rhodes, Couch's Cyclopedia of Insurance Law § 45:651, at 207 (2d ed. rev. 1981).

§ 113L, and the optional amounts required to be offered by § 113C. Any coverage that is purely optional on the part of the insurer is governed entirely by contract. *Id.* at 265-266 and cases cited.

We adopt the reasoning of the trial judge in determining that the coverage at issue under the Ford policy is purely optional. As he stated:

> "Under G. L. c. 90, § 1A, no vehicle can be registered unless the application for registration is accompanied by a 'certificate' defined in c. 90, § 34A. That 'certificate' is a statement by an insurance company authorized to issue 'motor vehicle liability' policies 'that it has or will insure the applicant for registration of a motor vehicle *with respect to such motor vehicle* for a period at least coterminous with that of such registration under such a motor vehicle liability policy . . . which conforms to the provisions of [§ 113A] of chapter [175] . . .' [emphasis added].
>
> "The 'motor vehicle liability policy' mentioned in § 34A is itself defined in the same section as 'a policy of liability insurance which provides indemnity for or protection to the insured and any person responsible for the operation of the insured's motor vehicle with his express or implied consent.' . . . .
>
> "The net effect . . . is a statutory requirement that a 'motor vehicle liability' policy provide indemnity and protection to the registered owner of a registered motor vehicle and any person who is operating *that motor vehicle* with the registered owner's consent. . . . The statutory scheme simply does not require the issuer of a 'motor vehicle liability' policy to provide insurance for operators of any motor vehicles which are not described on the § 34A certificate. Put more concretely, the statutory scheme does not *require* Hartford to provide in the van or Cougar policies coverage for operators of the wagon." (Emphasis original.)

3. The attempt by the plaintiff to recover as a third-party beneficiary also fails. Since the exclusion applies, there is no promise to enforce.

*Judgment affirmed.*

*Lewis C. Eisenberg* for the plaintiff.
*Carol A. Griffin* for Hartford Accident and Indemnity Company.