SHELBY MUTUAL INSURANCE COMPANY *vs.* SUSAN PRATT. No. 88-P-978. November 24, 1989. *Insurance*, Motor vehicle insurance, Underinsured motorist.

Here is another case involving the boundaries of access to underinsured motorist coverage in the standard Massachusetts motor vehicle insurance policy. See *Amica Mut. Ins. Co.* v. *Bagley, ante* 85 (1989).

Susan Pratt was a passenger in a car she owned while John Dennett, an insured of Shelby Mutual Insurance Company, was driving. An accident occurred, in which Pratt was seriously injured. The driver of another car involved in the accident, Casey Dolan, was established to have been legally responsible for the mishap. No party or insurer involved has ascribed any negligence to Dennett in connection with the collision which occurred.

Pratt settled with Dolan's insurer for the policy limit and exhausted the underinsured motorist (UM) coverage of her own insurance policy. The amounts paid from those policies were less than her damages and she looked to Dennett's UM coverage to make up the shortfall. A Superior Court judge, who considered the question on a complaint brought under G. L. c. 231A, declared that Pratt could not reach the UM coverage in the policy issued by Shelby to Dennett.

The policy language upon which Pratt stakes her claim appears in the eighth paragraph of the UM coverage (part 3 of the policy). It reads as follows: "If someone covered under this Part is using an auto he or she does not own at the time of the accident, the owner's Uninsured or Underinsured Auto insurance must pay its limits before we pay. Then we will pay, up to the limits shown on your Coverage Selections Page, for any damages not covered by that insurance." That language, however, is addressed to a specified class of persons covered by the UM coverage who are enumerated in the second paragraph of the UM coverage. Those persons are: 1) the insured or any members of the insured's household - not applicable to Pratt; 2) anyone occupying the insured's (i.e., Dennett's) auto with the insured's consent at the time of the accident — not applicable to Pratt; and 3) anyone who has a claim "deriving from bodily injuries incurred by the insured, a member of [the insured's] household, or anyone occupying [the insured's] vehicle with the consent of the insured." *Manning* v. *Fireman's Fund Am. Ins. Cos.*, 397 Mass. 38, 41-42 (1986). That third category was also not applicable to Pratt. Underinsured motorist coverage is "limited personal accident insurance chiefly for the benefit of the named insured," *Cardin* v. *Royal Ins. Co.*, 394 Mass. 450, 452 (1985), and persons connected in the prescribed fashion with the insured. Pratt had none of those connections.

As an alternative hold on Dennett's UM coverage from Shelby, Pratt looks to the first sentence of G. L. c. 175, § 113L(2), as appearing in St. 1980, c. 532, § 2: "For the purposes of [the UM] coverage, the term 'uninsured motorist' shall include protection of persons injured thereunder who are legally entitled to recover damages from owners or operators of insured motor vehicles . . . whose policies or bonds are insufficient in limits of liability to satisfy said damages. . . ." Pratt's reliance on this language suffers the same flaw as her earlier argument; it does not take into account that UM coverage is intended to protect the named insured and that person's designated circle of connected persons. See *Johnson* v. *Hanover Ins. Co.*, 400 Mass. 259, 262-264 (1987); 1968 Senate Doc. No. 1030, at 6—7. The UM coverage is neither liability insurance nor some sort of insurance irrespective of liability for persons outside the designated circle — such as Pratt.

*Judgment affirmed.*

*Thomas A. Miranda* for the defendant.
*James M. Rabbitt*, for the plaintiff, submitted a brief.