978 F.2d 716
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kathryn M. SHON, Plaintiff-Appellant,
v.
AETNA CASUALTY & SURETY, Defendant-Appellee.
 No. 91-55522.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 21, 1992.
Decided Oct. 16, 1992.
 
 Before WILLIAM A. NORRIS, REINHARDT and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant advances two alternative arguments for why she is entitled to coverage under the Aetna policy as a passenger in Dr. Izzi's rented car: (1) because such coverage is required under Massachusetts law defining the mandatory scope of underinsured motorist coverage, and (2) because the Aetna policy is so ambiguous that it must, as a matter of law, be construed to extend coverage for Shon's injuries. We reject both of these arguments.
 
 I.
 
 3
 We read the Aetna policy as providing coverage for two groups of people who are injured in collisions with underinsured drivers: (1) the named insured and members of his/her household, without regard to the vehicle in which they were riding; and (2) any persons outside this circle of connected persons who, with the consent of the named insured, were occupying a vehicle that is specifically listed on the named insured's policy. The first group is limited only by relationship to the named insured; the second group is limited by vehicle.
 
 
 4
 Shon argues that Massachusetts law, as embodied in Mass.G.L. c. 175, § 113L,[1] mandates that all auto insurance policies must provide underinsured motorist coverage for anyone who is injured while occupying any auto that is driven by the named insured. In support of this proposition, Shon relies principally on the case of Cardin v. Royal Insurance Company of America, 476 N.E.2d 200 (Mass.1985). Yet neither the holding nor the reasoning of Cardin is applicable to the facts of the case now before us.
 
 
 5
 First of all, unlike this case, the plaintiff in Cardin was the named insured under the policy. The holding in Cardin was simply that Ms. Cardin's own insurance company could not refuse coverage for injuries that occurred to her while she was a passenger in her husband's car, even though this vehicle was not listed on Ms. Cardin's policy. The court based its holding on the principle that underinsured motorist insurance is to provide coverage "chiefly for the benefit of the named insured." See 476 N.E.2d at 202. But the plaintiff in this case is neither a named insured under the policy, nor a household member of the named insured, and thus extending coverage to Ms. Shon would not inure to the "benefit of the named insured."
 
 
 6
 Nevertheless, Shon argues that the Cardin rule against limiting coverage according to the vehicle person occupies should extend to all persons, not simply to named insureds and their household members. After reviewing the case law in Massachusetts, we find no precedent to support such a broad proposition. In fact, cases decided subsequent to Cardin have allowed insurance companies to limit underinsured motorist coverage on a vehicle by vehicle basis in certain instances, so long as the plaintiff is not part of the named insured's "designated circle" of connected persons. See, e.g., Shelby Mutual Ins. Co. v. Pratt, 546 N.E.2d 387 (Mass.App.Ct.1989). Accordingly, we hold that the exclusion of Shon from the Aetna policy's coverage does not violate Massachusetts law.
 
 II.
 
 7
 Shon next argues that the definition of "your auto" in the Aetna policy is ambiguous, and that this ambiguity should be resolved in favor of coverage by holding that the rental car was among the specified automobiles on Dr. Izzi's policy to which the broader mode of coverage should apply.
 
 
 8
 According to Shon, the ambiguity arises from the second and third sentences of the section defining "your auto" (section 5).[2] Shon contends that these sentences should be read as broadening the definition of "your auto" to include vehicles other than those listed on the coverage selections page. We disagree. Insurance contracts are to be construed "according to the fair and reasonable meanings of the words in which the agreement of the parties is expressed." Cody v. Connecticut General Life Ins. Co., 439 N.E.2d 234, 237 (Mass.1982). In this case, the definition of "your auto" is clear and unambiguous. "Your auto" refers only to the vehicles listed on the coverage selections page; the latter two sentences merely clarify the types of vehicles that may be eligible for coverage under the policy. Therefore, because the rental car was not listed on the coverage selections page of the Aetna policy, we hold that it was clearly excluded from the definition of "your auto."
 
 
 9
 AFFIRMED.
 
 REINHARDT, Judge, concurring specially:
 
 10
 I concur fully in the above disposition. It is my view that unless and until the Massachusetts courts construe that state's uninsured motorist statute as affording the broad coverage argued for by appellant, we are not free to do so.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The provision of Massachusetts law governing uninsured and underinsured motorist coverage that was in effect at the time of Dr. Izzi's accident provided, in pertinent part, as follows:
 "(1) No policy shall be issued or delivered in the commonwealth with respect to a motor vehicle ... unless such policy provides coverage [in prescribed amounts] for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles ... and ... from owners or operators of insured motor vehicles ... whose policies or bonds are insufficient in limits of liability to satisfy said damages, to the extent that said damages exceed said limits of liability subject to the terms of the policy."
 Massachusetts G.L. c. 175, section 113L.
 
 
 [2]
 This section states:
 
 
 [5]
 Your Auto--means:
 A. The vehicle or vehicles described on the Coverage Selections Page.
 It can be a private passenger auto, a trailer or a motorcycle.
 It can also be a pick-up, panel truck or van, if it is not used in business.
 ER at 79.