Neel, J.
This action arises out of an accident which occurred when plaintiffs Thomas and David Fialkosky (“Fialkosky children”) were hit by an automobile[2] as they were being pulled on a sled behind a car belonging to their mother, Stacey Fialkosky (“Mrs. Fialkosky”), and operated by their father, Carleton Fialkosky (“Mr. Fialkosky”). Plaintiffs brought suit against The Commerce Insurance Company (“Commerce”) seeking: (1) a declaration as to whether an insurance policy issued by Commerce to Mr. Fialkosky provides coverage for plaintiffs’ bodily injuries (Count I of the complaint); and (2) damages under G.L.c. 93A for Commerce’s denial of coverage under that policy (Count II).
Commerce now moves for summary judgment, arguing that: (1) plaintiffs are not entitled to coverage under the compulsory bodily injury portion of Mr. Fialkosky’s insurance policy because plaintiffs were “guest occupants” of the vehicle Mr. Fialkosky operated; and (2) optional bodily injury coverage in this case is precluded by the “regular use exclusion” in Mr. Fialkosky’s insurance policy. The plaintiffs cross-move for summary judgment on the issue of whether plaintiffs were “guest occupants” of the vehicle towing them. Plaintiffs oppose Commerce’s motion as to the optional coverage, arguing that the portion of that coverage which is mandated by statute may not be abrogated by the insurance contract. For the reasons stated herein, Commerce’s motion for summary judgment is allowed, and plaintiffs’ cross-motion for partial summary judgment is denied.
BACKGROUND
The following facts, undisputed by the parties, are taken as true only for purposes of this motion.
On February 21, 1993, the Fialkosky children were riding on a sled attached by a tweniy-four-foot rope to the bumper of a 1991 Ford Explorer (“Explorer”). The Explorer was operated by Mr. Fialkosky and owned by Mrs. Fialkosky. The Explorer was insured by Liberty Mutual Insurance Company, which is not a party to this action.
At the time of the accident, Mr. Fialkosky had in effect a standard Massachusetts automobile insurance policy (“Mr. Fialkosky’s policy" or “the policy”) issued by Commerce and covering a 1985 Ford van. Mr. Fialkosky’s policy does not list the Explorer on its Coverage Selections Page. The policy provides compulsory bodily injury insurance of $20,000 per person/$40,000 per accident under Part 1, and optional bodily injury coverage of $50,000 per person/$100,000 per accident under Part 5.
Part 1 of Mr. Fialkosky’s policy states in relevant part:
Under this Part, we will pay damages to people injured or killed by your auto in Massachusetts accidents. The damages we will pay are the amounts the injured person is entitled to collect for bodily injury through a court judgment or settlement. We will pay only if you or someone else using your auto with your consent is legally responsible for the accident.
We will not pay:
1. For injuries to guest occupants of your auto
Massachusetts Automobile Insurance Policy at 4 (emphasis in original) (6th ed.). The policy defines “your auto” as:
A. The vehicle . . . described on the Coverage Selections Page.
B. Any auto while used as a temporary substitute for the described auto while that auto is out of normal use . . . But the term “your auto” does not include a substitute vehicle owned by you or your spouse.
C. A private passenger auto ... to which you take title as a permanent replacement for a described auto or as an additional auto. We provide coverage for an additional auto only if you ask us to insure it within ten days after you take title.
Id. at 2.
Part 5 of Mr. Fialkosky’s policy states in relevant part:
Under this Part, we will pay damages to people . injured or killed in accidents if you or a household member is legally responsible for the accident. We will also pay damages if someone else using your auto with your consent is legally responsible for the accident. The damages we will pay are the amounts the injured person is entitled to collect for bodily injury through a court judgment or settlement. . .
[W]e will not pay: . . .
3. For injuries resulting from an accident while you or a household member is using an auto which you or any household member owns or uses regularly, unless a premium for this Part is shown for that auto on the Coverage Selections Page.
Id. at 13 (emphasis in original).
DISCUSSION
Compulsory Bodily Injury Coverage
Commerce moves for summary judgment orr the issue of compulsory bodily injury coverage, arguing that the Fialkosky children were guest occupants of the Explorer and that “(u)nder Massachusetts law, there is no compulsory coverage for guest occupants of motor vehicles.” Defendant’s Memorandum in Support of its Motion for Summary Judgment at 4. The exclusionary language of Part 1 on which Commerce relies states that “[Commerce] will not pay ... [flor injuries to guest occupants of your auto.” Massachusetts Automobile Insurance Policy at 4 (emphasis in original) (6th ed.). Although Commerce bases its summary judgment motion on the guest occupant exclusion, neither that exclusion nor the coverage of Part 1 are applicable to the accident at issue here. The Court therefore need not, and does not, reach the issue of whether the sledding Fialkosky children were “guest occupants” of the Explorer.
*226 Part 1 of Mr. Fialkosky’s policy provides for the payment of damages for injuries caused by “your auto.” Id. The term “your auto” is defined by the policy as “[t]he vehicle . . . described on the Coverage Selections Page[,I ... a temporary substitute [not] . . . owned by . . . your spouse], or an] . . . auto ... to which you take title . . .” Id. at 2. The Explorer was indisputably an automobile for which no description appeared on the Coverage Selections Page of Mr. Fialkosky’s policy and to which Mrs. Fialkosky, the spouse of Mr. Fialkosky, held title. The Explorer was therefore not within the meaning of “your auto” as that term is used in Mr. Fialkosky’s insurance policy. As a result, the policy’s compulsory bodily injury coverage is inapplicable to the plaintiffs’ accident, which was unrelated to any vehicle to which Mr. Fialkosky’s policy pertained.
Because no material facts are in dispute, and Commerce is entitled to judgment as a matter of law on the inapplicability of compulsory coverage under Part I of Mr. Fialkosky’s policy to the plaintiffs’ accident, summary judgment is granted to Commerce on the issue. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983).
Optional Bodily Injury Coverage
Commerce moves for summary judgment on the issue of optional bodily injury coverage, arguing that plaintiffs are not entitled to coverage under the optional bodily injury portion of Mr. Fialkosky’s policy because at the time of the accident, Mr. Fialkosky was operating an automobile which was owned by a member of his household but not listed on the Coverage Selections Page of his insurance policy. Mr. Fialkosky’s policy states that, under Part 5, Commerce will not pay “[f] or injuries resulting from an accident while you ... [are] using an auto which . . . any household member owns or uses regularly, unless a premium for this Part is shown for that auto on the Coverage Selections Page.” Massachusetts Automobile Insurance Policy at 13 (emphasis in original) (6th ed.) (“regular use exclusion”). The accident occurred while Mr. Fialkosky was using an automobile which was not listed on his policy’s Coverage Selection Page, and which was owned by his wife, a household member. The exclusion Commerce relies on is clearly applicable, and plaintiffs do not contest its applicability.
Plaintiffs assert, however, that the Supreme Judicial Court’s decision in Johnson v. Hanover Ins. Co., 400 Mass. 259 (1987), renders the exclusion partially invalid. In Johnson, the Court held that the regular use exclusion of an automobile insurance policy is invalid to the extent it applies to uninsured and underinsured motorist coverage which G.L.c. 175, §§113L and 113C require the insurer to provide or offer to the insured. Johnson, supra, 400 Mass, at 264-65. Plaintiffs argue that because G.L.c. 90 §34A and G.L.c. 175, §113C compel an insurer to offer $35,000 per person/$80,000 per accident of optional bodily injury coverage,[3] Johnson precludes the application of the regular use exclusion to those amounts. Plaintiffs’ conclusion is incorrect.
The Johnson holding does not affect coverage which the insurer is not required to provide or offer. Johnson, supra, 400 Mass, at 265-66, Woodman v. Hartford Accident and Indemnity Company, 27 Mass.App.Ct. 1120, 1121-22 (1989). For example, “(t]he statutory scheme simply does not require the insurer of‘a motor vehicle liability’ policy to provide insurance for operators of any motor vehicles which are not described on the §34A certificate.” Woodman, supra, 27 Mass.App.Ct. at 1122 (quoting and adopting reasoning of trial judge).
Nothing in the statutes cited by plaintiffs requires the insurer to provide the insured with coverage for injuries caused by the insured’s use of a vehicle other than the insured’s own. See G.L.c. 90 §34A (defining a motor vehicle liability policy as one which “provides indemnity for or protection to the insured and any person responsible for the operation of the insured’s motor vehicle with his [or her] express or implied consent against loss by reason of the liability to pay damages to others for bodily injuries . . . arising out of the ownership, operation, maintenance, control or use of such motor vehicle . . .") (emphasis added); G.L.c. 175, §113C (requiring insurer to offer additional amounts of bodily injury coverage beyond those required by G.L.c. 90 §34A). Any coverage provided by Mr. Fialkosky’s policy for his operation of an automobile other than the Ford Van described on his Coverage Selection Page was therefore optional, and could be contractually limited by defendant. See Johnson, supra, 400 Mass, at 265-66, Woodman, supra, 27 Mass.App.Ct. at 1121-22.
Because the “regular use exclusion” is valid and applicable here, the optional bodily injury part of Mr. Fialkosky’s policy is, as a matter of law, inapplicable to the Fialkosky children’s claims. Summary judgment must therefore be granted to Commerce on the issue of optional coverage. Cassesso, supra, 390 Mass, at 422. In view of the Court’s rulings, summary judgment is also appropriate as to the remaining count under G.L.c. 93A.
ORDER
For the reasons stated herein, defendant The Commerce Insurance Company’s Motion for Summary Judgment is ALLOWED as to both counts of the complaint. Plaintiffs’ Cross-Motion for Partial Summary Judgment is DENIED.

The automobile was drive by a Michael Toner, who is not a party to this suit.

Nhese amounts reflect the requirements applicable at the time of the plaintiffs’ accident.