Fecteau, Francis R., J.
This is an action in which the plaintiff seeks damages for personal injuiy as a result of an automobile accident which occurred while he was a passenger in a car owned by him and operated by his mother, the defendant Anna Becker. His vehicle is covered under a Massachusetts Auto Policy issued by Arbella Insurance Company, who has undertaken the defense of Anna Becker and who has apparently offered the “per person” limits of coverage under its policy.
Anna Becker is a named-insured under a Massachusetts Auto Policy with Commerce Insurance Company, [1] along with her husband Bernard Karbowski, for three vehicles. Her husband Bernard is also insured under a Massachusetts Auto Policy issued by the defendant Mount Vernon Fire Insurance Company for a fourth “collector” vehicle. It is undisputed that John, Anna and Bernard all reside in the same household, as that term is used in and defined by the Massachusetts auto policy.
The controversy between the parties concerns whether the coverage of the Mount Vernon insurance policy has application to the accident in question, the plaintiff contending that its optional bodily injury insurance coverage is available for indemnification of Anna Becker’s potential liability to the plaintiff and with Mount Vernon contending otherwise.[2] Part 5 of the policy, optional bodily injury coverage, 7th Edition, states in relevant part:
Under this Part, we will pay damages to people injured or killed in accidents if you or a household member is legally responsible for the accident. We will also pay damages if someone else using your auto with your consent is legally responsible for the accident. The damages we will pay are the amounts the injured person is entitled to collect for bodily injuiy through a court judgment or settlement. . .
In addition, we will not pay: ... 2. For injuries resulting from an accident while a household member, other than your spouse, is using an auto which you or any household member owns or uses regularly, unless a premium for this Part is shown for that auto on the Coverage Selections Page.
*551 It is without question that, as the vehicle occupied by both John and Anna Becker, John’s policy of insurance with Arbella must answer first. Thereafter, a dispute exists between the parties as to whether the Mount Vernon optional bodily injuiy coverage, under the Massachusetts Auto Policy must respond. The insurer contends first[3] that optional bodily injury coverage, like its compulsory counterpart, applies only to vehicles that come within the definition of “your auto.” While that is clearly a fair reading of the second sentence of the grant of coverage under Part 5 of the policy, it ignores the first sentence, which grants coverage to the insured (Bernard) and any household member, no matter what vehicle they operate, so long as it is with the consent of the owner. “The Ford policy provided that coverage applied with respect ‘to any other motor vehicle’ driven by a household member with permission of the owner.” Woodman v. Hartford Acc. And Indem. Co., 27 Mass.App.Ct. 1120, 1121 (1989).
However, where the insurer’s argument finds support is in its interpretation of exclusion No. 2 under Part 5, in which no coverage is provided for injuries sustained when a “household member” is “using” a car owned or regularly used by him or her, unless identified on the subject policy and a premium is paid for that car. The plaintiff contends that such an interpretation is too broad, and that it must be limited to the driver, so that so long as the driver (Anna Becker) is using a car that she does not own nor regularly use (she clearly does not own this vehicle and there is no evidence of record that she regularly uses John’s car), the exception does not apply and coverage is available. Such a position is undermined, however, by the case of Gordon v. Safety Insurance Company, 417 Mass. 687 (1994), which held that, for purposes of the uninsured coverage portion of the policy, the word “use” is broader than to “drive” or “operate” and does include “occupation” and “enjoyment” extending to a passenger. At 690, citing, with approval, the case of Orrill v. Garrett, 100 Ill.App.2d 194, 197 (1968), among others.
The facts in the Woodman case, supra, are analogous to those herein and instructive on the issue at bar. There, the son of the owner of a vehicle that he was operating became involved in an accident causing injury to others and for which suit was brought against him. The vehicle in question, owned by the operator’s mother, had low personal injury limits; claims were, therefore, added against Hartford Accident & Indemnity, the insurer of two additional household vehicles that were owned by the operator’s father, one with significantly higher limits, by which it was sought to enforce the liability of the son. The court affirmed the grant of summary judgment to this insurer on the ground that since the mother’s vehicle then being used by the son, as one household member of the father, was regularly used by the mother, also a member of the father’s household, and since it was not identified on the father’s policy nor a premium paid on account of the mother’s vehicle on the father’s policy, the optional bodily injuiy coverage did not apply. “What is referred to as the ‘regular use’ exclusion, however, stated that the insuring agreement does not apply ‘to any motor vehicle owned by or furnished for regular use to either the named insured or a member of the same household . . .’ [policy language of the auto policy then in use]. Since it was stipulated that the Mercury was a motor vehicle owned by and regularly used by Christopher’s mother, the exclusion applies on its face. It is explicit and unambiguous.” Woodman v. Hartford Acc. And Indem. Co., 27 Mass.App.Ct. 1120, 1121 (1989). While the facts herein are slightly different, i.e., the “regular use” at issue being that of the plaintiff passenger, rather than the plaintiffs mother/operator, and the language of the exclusion has undergone further change, the results must still be consistent, namely, that the father’s policy cannot answer for a vehicle regularly used by a household member. Moreover, even under the language of the current exclusion, the facts in Woodman would have led to the same result, since the non-spousal household member, the son, was using a car regularly used by the mother. Consequently, the motion of the plaintiff for summary judgment must be denied and the cross motion of the defendant Mount Vernon Fire Insurance Company allowed.

ORDER ON MOTIONS

For the foregoing reasons, the plaintiffs motion for summary judgment is ordered denied and the cross-motion of the defendant Mount Vernon Fire Insurance Company allowed. A judgment must therefore enter that declares that Mount Vernon Fire Insurance Company has no duty to defend or indemnify Anna Becker for the claims presented by the plaintiff John Becker in his complaint, nor liable to him for any claims resulting from the accident in question.

Commerce Insurance Company is seeking to intervene and has filed a motion to that effect, on the ground that its interest as an alleged concurrent insurer of Anna Becker is not adequately represented by the parties hereto. However, given the position it has taken regarding the availability of coverage under its policy for Anna Becker, it has failed to explain why it cannot appear on behalf of Anna Becker, nor how the plaintiff, in attempting to obtain the maximum amount of insurance coverage that may be available to compensate him for his injuries, is not an adequate representative of that interest notwithstanding a lack of identity of interest. For these reasons, the motion is denied.

The plaintiff filed an amended complaint in which claims were first brought against the defendant Mount Vernon for alleged violations of G.L.c. 176D and c. 93A. Mount Vernon, in turn, filed a counterclaim, in two counts, by which it seeks a judgment declaring that it has no liability to indemnify Anna Becker nor to pay damages to John Becker on account of the facts of this accident, by reason either that there is no grant of coverage under Part 5 or that exclusion 2, under Part 5 applies, or both.

Mount Vernon also contends that Bernard committed a material misrepresentation of fact in his application for insurance by failing to identify other household operators, which serves to void coverage in this accident. Whether this is so qualifies as a genuine issue of material fact which undercuts its right to obtain summary judgment in its favor on this ground.