SPACE MASTER INTERNATIONAL,
INC., Plaintiff, Appellee,

v.

CITY OF WORCESTER,
Defendant, Appellant.

No. 90–2113.

United States Court of Appeals,
First Circuit.

Heard April 1, 1991.
Decided July 31, 1991.

Arthur J. Goldberg, Asst. City Sol., with whom Gary S. Brackett, City Sol., was on brief, Worcester, Mass., for defendant, appellant.

John A. Wortmann, Jr. with whom James W. Stoll and Brown, Rudnick, Freed & Gesmer were on brief, Boston, Mass., for plaintiff, appellee.

Before BREYER, Chief Judge, BOWNES, Senior Circuit Judge, and TORRUELLA, Circuit Judge.

BOWNES, Senior Circuit Judge.

This is an appeal from a summary judgment in favor of plaintiff-appellee Space Master International, Inc. ("Space Master"). The City of Worcester, defendant-appellant, hired Space Master to construct modular classrooms to alleviate overcrowding in the City's public schools. Under the publicly-bid contract, the City agreed to pay Space Master $1,514,559 to install within 120 days twenty-three modular classroom buildings at nine school sites. If performance exceeded 120 days, the City reserved the right to assess Space Master liquidated damages of $250 per day plus $100 per day per site.

Space Master completed its work over 200 days late; the city retained $254,400 in liquidated damages. Space Master then sued the City in the United States District Court of Massachusetts,[1] seeking the withheld funds on the grounds that the liquidated damages provision was unenforceable. It alleged that the liquidated damages clause was not reasonably related to any anticipated or actual loss and that the liquidated damages withheld by the City were disproportionate to the damages incurred. Space Master claimed in the alternative that even were the liquidated damages clause found to be enforceable, plaintiff should not be held liable for the entire amount of liquidated damages because the delay was caused by acts of the City, subcontractors and factors beyond Space Master's control.

The City moved for partial summary judgment on the enforceability of the liquidated damages provision. It conceded that "the matter of how much in liquidated damages should be assessed against Space Master [should be] reserved until after a trial on the reasons for the delay." Space Master filed a cross-motion for summary judgment on the enforceability of the liquidated damages clause. After a hearing, the court granted Space Master's motion and denied the City's. The City appeals this ruling.

### Standard of Review

A district court must enter summary judgment pursuant to Fed.R.Civ.P. 56(c) if

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

"[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Massachusetts contract law "will identify which facts are material." *See id.*

Our review is plenary, and we "view the record in the light most favorable to the party against whom a motion for summary judgment is directed, and give that party the benefit of all the reasonable inferences to be drawn therefrom." *J.I. Corp. v. Federal Ins. Co.*, 920 F.2d 118 (1st Cir.1990). We apply this standard as well where summary judgment motions were made by opposing parties. *Continental Casualty Co. v. Canadian Universal Ins. Co.*, 924 F.2d 370, 373 (1st Cir.1991). "[T]he [trial] court must evaluate each motion separately, being careful to draw inferences against each movant in turn." *Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir.1990).

### Liquidated Damages

■ Under the Restatement of Contracts:

> Damages for breach by either party may be liquidated in the agreement but only at an amount that is reasonable in the light of the anticipated or actual loss caused by the breach and the difficulties of proof of loss. A term fixing unreasonably large liquidated damages is unenforceable on grounds of public policy.

Restatement (Second) of Contracts § 356(1) (1979). Two factors combine to determine whether an amount fixed as liquidated damages is not so unreasonably large as to be unenforceable. First, to be reasonable the amount must approximate actual loss or loss anticipated at the time the contract was executed. *Colonial at Lynnfield, Inc. v. Sloan*, 870 F.2d 761, 764 (1st Cir.1989) (citing *Security Safety Corp. v. Kuznicki*, 350 Mass. 157, 213 N.E.2d 866, 867 (1966); *A–Z Servicenter, Inc. v. Segall*, 334 Mass. 672, 138 N.E.2d 266, 268 (1956); *Lynch v. Andrew*, 20 Mass.App.Ct. 623, 481 N.E.2d 1383, 1386 (1985); Restatement (Second) of Contracts § 356 (1981)). Second, "[t]he greater the difficulty either of proving that

---

**1.** The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there was complete diversity of citizenship between

the plaintiff and the defendant and the amount in controversy exceeded $50,000.

loss has occurred or of establishing its amount with the requisite certainty . . . the easier it is to show that the amount fixed is reasonable." Restatement (Second) of Contracts § 356 comment b.

■ Considerable deference is given to the parties' reasonable agreement as to the amount of liquidated damages where losses are difficult to quantify. *Lynch v. Andrew*, 481 N.E.2d at 1386; *Kroeger v. Stop & Shop Cos.*, 13 Mass.App.Ct. 310, 432 N.E.2d 566, 573 (1982). That deference, however, is not unlimited. In *Colonial at Lynnfield, Inc. v. Sloan*, we found that the liquidated damages provision at issue was a reasonable estimate of difficult to ascertain damages. We nonetheless found that the liquidated damages provision was an unenforceable penalty because no loss had been sustained as a result of the breach. 870 F.2d at 765. Liquidated damages must compensate for loss rather than punish for breach: "[A]n exaction of punishment for a breach which could produce no possible damage has long been deemed oppressive and unjust." *Priebe & Sons, Inc. v. United States*, 332 U.S. 407, 413, 68 S.Ct. 123, 127, 92 L.Ed. 32 (1947). *See also Dubinsky v. Wells Bros. Co.*, 218 Mass. 232, 105 N.E. 1004 (1914) (liquidated damages clause was unenforceable penalty because it was intended to secure performance; no substantial loss was sustained).

■ There can be no question that the injury sustained by the City is difficult to quantify in monetary terms. Because Space Master breached its promise to provide classrooms for the City within 120 days, children had to attend classes in hallways, gymnasiums, auditoriums, and libraries; educational programs were compromised; and morale among teachers, students and administrators suffered. These conditions continued for over 200 days past the contract deadline.

We have found no Massachusetts case directly on point; that is, where the injury involved harm to the public and was difficult to assess in monetary terms. Cases in other jurisdictions do allow such recovery. *See Jennie–O–Foods, Inc. v. United States*, 580 F.2d 400, 413, 217 Ct.Cl. 314

(1978) (upholding liquidated damages for "[c]osts to the public convenience and the temporary thwarting of the public goals that the particular contract served"); *United States v. Bills*, 639 F.Supp. 825, 831 (D.N.J.1986) (liquidated damages upheld for loss of doctor's services in medically underserved area); *United States v. Swanson*, 618 F.Supp. 1231, 1243–44 (E.D.Mich. 1985) (same); *Abel Constr. Co. v. School Dist.*, 188 Neb. 166, 195 N.W.2d 744, 746–48 (1972) (upholding liquidated damages of $4,650.00 where late completion of athletic track resulted in expenses of $1,137.16, school was unable to use athletic facilities, and school and public suffered inconvenience to which no monetary value could be fixed). *Cf. In re D. Federico Co.*, 25 B.R. 822, 833 (Bankr.D.Mass.1982) (liquidated damages for delay in performance of public contract upheld without articulating type of damages caused by delay). As the Court said in *Priebe & Sons, Inc. v. United States*, "When they are fair and reasonable attempts to fix just compensation for anticipated loss caused by breach of contract, [liquidated damages provisions] are enforced. They serve a particularly useful function when damages are uncertain in nature or amount *or are unmeasurable*, as is the case in many government contracts." 332 U.S. at 411, 68 S.Ct. at 126 (citations omitted, emphasis added).

Rulings on liquidated damages provisions in construction contracts are particularly deferential to the parties' agreement. Delay in performance prevents the possibility of use, "and it can seldom be shown that no use would in fact have been made, had completion been on time, or that no profit would have been made from such use." 5 Corbin, Corbin on Contracts § 1072 (1964). In *Norcross Bros. Co. v. Vose*, 199 Mass. 81, 85 N.E. 468 (1908), the court enforced liquidated damages for delay in construction without questioning the reasonableness of the amount. It is worthy of note that most construction contracts are the product of arms-length bargaining. In the present case, the contract was put out for bid.

■ Massachusetts applies general principles of contract law to public contracts. *See R. Zoppo Co. v. Commonwealth*, 353 Mass. 401, 232 N.E.2d 346, 349 (1967). We think it would apply the rule set forth in *Lynch v. Andrew*, 481 N.E.2d at 1386, and *Kroeger v. Stop & Shop Cos.*, 432 N.E.2d at 573, to the case at hand: Where losses are difficult to ascertain, considerable deference is due the parties' "reasonable" agreement as to liquidated damages. The basic question is whether the City intended the liquidated damages provision in the contract to compensate it for a loss difficult to quantify in monetary terms or intended it as a penalty to spur timely performance. We turn, therefore, to the evidence before the district court. Dr. John E. Durkin, Superintendent of the Worcester Public Schools, stated in an affidavit:

When the contract was executed, it was difficult to ascertain the value of actual damages that would result from a delay in the contract's completion. The City could have incurred costs for the completion of the classroom delivery and installation by another contractor. The City might have decided to lease additional classroom space from a private party. The City could have paid to refurbish other public properties to be used as classroom space. The City could have incurred damages in the form of interest payments due on the borrowing that was done to pay for the contract at issue. The City could have incurred costs to pay for its own personnel for additional time that was required because of the need to supervise and monitor the completion of the necessary work to alleviate the overcrowding. The City could have been damaged by the continuing overcrowding problems and the impact such problems had on the quality of education that could be offered by the City.[2]

This statement suggests that the liquidated damages clause was meant to compensate for loss that might be incurred rather than to penalize.

Other testimony by Durkin indicated that the liquidated damages clause was intended to penalize for late performance rather than to compensate the City for injury it would incur as a result of late performance. The deposition of Durkin reads in pertinent part:

Q: Well, did you give them any instructions to insure that those provisions would be included in the contract?

A: I didn't originate those figures, other than the fact that I knew that there were penalty clauses in the contract. The specifics came from—

Q: And by penalty clause, you refer to those three?

A: That's what I would consider penalty.

Q: And by penalty what do you mean, doctor, basically what is here?

A: That's my interpretation of penalty, that if the modular classrooms were not in place on time and accepted by the city, that there would be these assessments made against the provider.

Q: To penalize the contractor for his late performance?

A: I think more to encourage the contractor to deliver the modulars on time and to meet the provisions of the contract.

Q: So to provide a financial incentive to the contractor to finish the units on time?

A: I believe was the motivating factor, yes.

Q: That was the reason that those were put in as far as you know?

A: I think it was to motivate them and let them know if they were not, we would impose a penalty.

---

**2.** Plaintiff claims that Durkin's statement is not based on personal knowledge and therefore should not be considered by this court. When asked in deposition whether he had had specific discussions with the people directly involved in the procurement, Durkin replied, "I was aware of [the liquidated damages clause]. There were general conversations. The specifics, I believe, came from another department...." We think there is a basis for concluding that Durkin, who was not directly involved in the contract procurement, had firsthand knowledge of general concerns regarding possible delay in performance.

When asked in his deposition about the purposes of the liquidated damages provision, John C. Orrell, purchasing agent for the City, replied:

A: At the intitiation of the preparation of the bid documents, we, of course, discussed the very crucial elements of the bid documents. Contained within those elements were the provisions for the liquidated damages.

Because of the severe overcrowding in the Worcester Public Schools, it was concluded that it would be imperative that we have some sort of liquidated damages provision in the contract to be certain that the project was completed on time.

Orrell did not recall how the amount of liquidated damages had been determined, but he remembered that a main function of the provision was to serve as an incentive for Space Master to finish its work on time.

In light of the contradictory and ambiguous statements, there was a genuine issue of material fact as to whether the City intended the liquidated damages provision to provide reasonable compensation or impose a penalty in the event of Space Master's breach. The grant of Space Master's motion for summary judgment was error.

For the reasons already stated, we affirm the district court's denial of defendant's motion for partial summary judgment on the liquidated damages clause.

Reversed in part, affirmed in part. Remanded for trial.

Costs on appeal to the City.