Concord District Court
No. 92-486

HOLDEN ENGINEERING AND SURVEYING, INC.

v.

PEMBROKE ROAD REALTY TRUST & a.

July 7, 1993

*Joseph F. McDowell, III, P.A.*, of Manchester (*Edward C. Dial, Jr.*, on the brief), by brief for the plaintiff.

*Lauren S. Vallari*, of Concord, by brief for the defendants.

JOHNSON, J. The plaintiff, Holden Engineering and Surveying, Inc., sued the defendants, Pembroke Road Realty Trust and Jerry McCarthy (individually and as trustee of Pembroke), for payment pursuant to a contract between the parties. The Concord District Court (*Sullivan*, J.) ruled in favor of the defendants, finding that the plaintiff had not performed a condition precedent to payment. The plaintiff appeals this decision, and we reverse.

In early August 1991, the defendants hired the plaintiff to help them subdivide a plot of land. The parties' contract specifies the "Ob-

jectives and Scope of Services" as follows: "Conduct boundary survey of 19 acre parcel, subdivide 1 acre abutting Cole lot. Prepare minor subdivision plan for submission to City of Concord. To present subdivision plan and procure Planning Board approval." Under the heading, "Budget Estimate," the contract states, "Work to be done at standard hourly rates. Lump sum figure $3,000.00." Immediately following the number, "$3,000.00," appear the handwritten words, "(Not to exceed)," and defendant Jerry McCarthy's initials. Paragraph eleven of the contract states, in pertinent part:

> "Billing/Payments. Invoices for [the plaintiff's] services shall be submitted on a semi-monthly basis . . . . All such invoices shall be payable within fifteen (15) days after the date thereof and shall, in the event that payment is not duly made, bear interest at the rate of two percent (2%) a month from date of original billing . . . . It is further understood that if there be failure by [the defendants] to pay any invoice due to the [plaintiff] within fifteen (15) days after the date thereof, the [plaintiff] may . . . terminate its performance hereunder. In the event that the [plaintiff] places any invoice which is unpaid after the due date in the hands of any agency or an attorney for collection, [the defendants] shall pay all costs and expenses of such collection, including reasonable attorney's fees and court costs."

At the end of this paragraph appear more handwritten words— "Based upon Percentage of Completion"—and, again, Jerry McCarthy's initials. Both parties agree that the handwritten words are binding amendments to the contract.

The plaintiff performed "a substantial amount of work" under the contract and obtained conditional approval from the Concord Planning Board for the defendants' proposed subdivision on September 18, 1991. The conditions placed on final approval stemmed from the discovery that the defendants' land contains a habitat for the Karner Blue butterfly, an endangered species. The conditions require "[t]he conveyance of a buffer easement to the New Hampshire Natural Heritage Inventory (NHNHI) for lot 19 for the area so noted on the subdivision plan . . . [and] [t]he development of a management agreement between the owner of lot 12 for the Karner Blue Habitat on said lot." These two conditions apparently have not been met, and therefore, the defendants have yet to receive final board approval for their proposed subdivision.

The defendants have also yet to pay the plaintiff for any of the work performed under the contract, although the plaintiff sent them four invoices for services rendered. The invoices were dated August 9, 1991, August 23, 1991, September 6, 1991, and November 15, 1991, and listed, respectively, the following amounts due: $65, $3,010, $100, and $1,185.51. In response to the plaintiff's suit to recover these amounts, the defendants claimed that the parties' contract obligates the plaintiff to procure final board approval and makes such approval a condition precedent to any payment. The plaintiff disagreed, maintaining that it fully performed under the contract, and that the conditions imposed by the board for final approval were unforeseeable and beyond the scope of the plaintiff's expertise. Each party alleged that the other failed to cooperate in attempting to obtain final approval.

The district court held a hearing and admitted extrinsic evidence to interpret the contract. The court decided:

> "While the testimony is clearly in conflict, I conclude that based upon my review of the testimony and documentary evidence the Plaintiff has not completed the contract as envisioned by the parties. Final sub-division approval has not been obtained and I conclude that the Plaintiff is not entitled to be paid under the contract as I interpret its terms and conditions."

This appeal followed.

Before this court, the plaintiff makes the same arguments it made below and asks that we enter judgment in its favor. The defendants also repeat their earlier contentions, arguing first that the contract provision regarding the plaintiff's obligation to procure board approval is ambiguous. Consequently, they contend, the district court properly admitted extrinsic evidence to determine whether such approval is a condition precedent to payment under the contract. *See Erin Food Servs., Inc. v. 688 Props.*, 119 N.H. 232, 235, 401 A.2d 201, 203 (1979). Because the plaintiff has not provided us with a transcript of the trial proceedings, the defendants maintain that the district court's findings are presumed to be supported by the evidence and, hence, are unreviewable.

■■ We note that the interpretation of a contract, including whether a contract term is ambiguous, is ultimately a question of law for this court to decide. *See Gamble v. University of New Hampshire*, 136 N.H. 9, 13, 610 A.2d 357, 360 (1992). As elaborated below,

our review of the entire contract persuades us that the provisions relating to board approval are not ambiguous and, in fact, manifestly support the plaintiff's argument that final board approval is not a condition precedent to payment. Accordingly, extrinsic evidence should not have been used to contradict the contract, *see Parkhurst v. Gibson (Parkhurst)*, 133 N.H. 57, 62, 573 A.2d 454, 457 (1990); *Logic Assoc's, Inc. v. Time Share Corp.*, 124 N.H. 565, 572, 474 A.2d 1006, 1010 (1984), and we need not accord deference to any findings based on such evidence. Instead, we conduct an independent examination of the contract and derive its meaning therefrom.

▓▓▓ We turn now to the question of final board approval and the plaintiff's right to collect payment in the absence thereof. We first note that "conditions precedent are not favored, and we will not so construe such conditions unless required by the plain language of the agreement." *In re Estate of Kelly*, 130 N.H. 773, 781, 547 A.2d 284, 289 (1988). "As a rule of thumb, provisions which commence with words such as 'if,' 'on condition that,' 'subject to' and 'provided' create conditions precedent." J. CALAMARI & J. PERILLO, THE LAW OF CONTRACTS § 11-9, at 448 (3rd ed. 1987). In the provision of the contract relied on by the defendants, none of these signal words appear to alert a party that a condition precedent may exist. Instead, the provision labelled "Objectives and Scope of Services" simply reads, in relevant part: "To present subdivision plan and procure Planning Board approval." Payment is not discussed until the following section, and no hint is given in either place that the latter is contingent upon performance of the former.

Moreover, any possible doubt concerning payment is resolved by paragraph eleven of the contract, entitled "Billing/Payments." This provides that "[i]nvoices for [the plaintiff's] services shall be submitted on a semi-monthly basis" and that interest will accrue whenever the defendants fail to pay within fifteen days of the billing date. Defendant Jerry McCarthy's handwritten note adds that payment shall be "[b]ased upon [p]ercentage of [c]ompletion." Viewing this paragraph in relation to the provision regarding planning board approval, the defendants could not reasonably assume they would not have to pay the plaintiff anything until final board approval was obtained. The paragraph plainly envisions periodic payments by the defendants during the course of the plaintiff's performance. In addition, Jerry McCarthy's handwritten amendment, if read with the defendants' interpretation in mind, is utterly inexplicable. It is inconceivable that the parties would specifically agree that payments

be based on "Percentage of Completion" if they understood the payment obligation to commence only upon procurement of final board approval.

■ Finally, we note that final board approval is, in the last analysis, out of the plaintiff's control. Only the planning board—or a reviewing court—possesses the authority to grant such approval. Although the plaintiff should be held to take all reasonable steps to help attain this goal, its compensation should not depend upon a favorable vote of the planning board, which has considerable discretion, absent clear language to the contrary. "This court will, where possible, avoid construing a contract in a manner that leads to harsh and unreasonable results or places one party at the mercy of the other." *Thiem v. Thomas,* 119 N.H. 598, 604, 406 A.2d 115, 119 (1979). Accordingly, we hold that final board approval of the defendants' subdivision plan is not a condition precedent to payment.

*Reversed and remanded.*

All concurred.