**Edward SACK, Plaintiff,**

v.

**Lloyd BENTSEN, as he is Secretary of the Treasury, Defendant.**

**Civ. A. No. 92–40053–NMG.**

United States District Court, D. Massachusetts.

July 21, 1994.

286

Edward Sack, pro se.

Susan M. Poswistilo, U.S. Attorney's Office, Boston, MA, for defendant.

### MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is a motion of plaintiff for summary judgment filed on March 8, 1993 and a cross-motion of defendant for summary judgment filed on April 26, 1993. Both motions are duly opposed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a civil action in which plaintiff alleges that he was discriminated against on the basis of his age and that he was denied veteran's preference when he was not selected for a position as an Estate and Gift Tax Attorney with the Internal Revenue Service ("IRS"). Plaintiff brings this action under the Age Discrimination in Employment Act,

29 U.S.C. § 621, 633(a), and the Veteran's Preference Act, 5 U.S.C. § 3311 (concerning veteran's receipt of credit for experience). Specifically, plaintiff alleges that: 1) the application evaluation system used by the IRS causes "disparate treatment" of older persons, 2) the IRS failed to consider adequately his veteran's preference, and 3) the evaluation point system used by the IRS conflicts with 5 U.S.C. § 3311.

In the summer of 1990, plaintiff, a 58–year–old veteran, applied to the IRS, along with 151 other candidates, for a position in the Boston office as an Estate and Gift Tax Attorney. A total of eight candidates was selected, six of whom were hired for the Boston office. Pursuant to the Internal Revenue Manual ("IRM") guidelines, the applicants were evaluated and ranked according to the Single Agency Qualification Standard ("SAQS") for Attorney (Estate Tax) and Law Clerks. The rating schedule gives a basic numerical score of 70 points to applicants meeting the minimum SAQS requirements.

Under the Qualifications Standards and Guidelines Handbook ("QSGH"), § 905.214–217, additional points may be added to reflect quality and recency of experience and education, or special qualifications. For example, individuals may receive an additional fifteen points for completion of law school training within the previous twelve months, or six months of increasingly responsible professional legal experience within the previous twelve months, or increasingly responsible professional or quasi-professional accounting experience within the previous twelve months. Similarly, ten points may be added for graduation from law school within the previous two years, or increasingly responsible legal professional experience or accounting education or experience within the previous four years. Furthermore, bonus points may be awarded for additional legal or accounting education and/or experience, for superior academic grades, or for other special achievements or degrees.

According to these guidelines, plaintiff received a rating of 76 points. He was given the basic 70 points based upon his receipt of a law degree in 1959. Pursuant to his veter-

an's preference, he received an additional five points, and for previous experience, an additional point. At the time of his application in 1990, plaintiff was a commission sales associate for Lechmere, Inc. His most recent legal work consisted of self-employment as an attorney from May 14 to December 31, 1985. He also had some legal experience with various organizations prior to 1985.

A rating of 90 points was established as the threshold for candidates considered "Best Qualified" for the position. Plaintiff did not reach that threshold. Twenty "Best Qualified" candidates were interviewed. Eight were over 40 years of age and five were between the ages of 55 and 60. Of the eight candidates selected for the position, one was 59 and one was 60 years old.

After receiving a letter of rejection dated February 1, 1991, plaintiff filed an age discrimination complaint with the IRS on or about March 29, 1991. A Final Report of Investigation was entered and later, on September 6, 1991, a letter of proposed disposition, finding no discrimination, was issued by the Department of Treasury, Chicago Regional Complaints Center. Plaintiff filed a timely objection and requested a hearing before the Equal Employment Opportunity Commission ("EEOC").

Thereafter, plaintiff withdrew his request for a hearing and, on November 4, 1991, requested a final agency decision. Prior to obtaining that decision, plaintiff filed this action on April 20, 1992. On February 3, 1993, the EEOC issued its final decision, finding insufficient evidence to support the claim of age discrimination. The EEOC enclosed in a letter to plaintiff a description of his appeal rights concerning the decision. Plaintiff did not appeal that final decision.

## II. LEGAL ANALYSIS AND REASONING

### A. *Summary Judgment Standard*

■ Summary judgment is permissible when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Inferences are drawn in the case at bar in favor of the non-moving party. *Space Master International, Inc. v. City of Worcester,* 940 F.2d 16 (1st Cir.1991); *Herbert W. Price v. General Motors Corporation,* 931 F.2d 162 (1st Cir.1991) (record reviewed in light most favorable to non-moving party).

■ In determining whether a factual dispute is genuine, this Court must decide whether "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *accord Aponte–Santiago v. Lopez–Rivera,* 957 F.2d 40, 41 (1st Cir.1992) (citing *Anderson,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). A fact is "material" if it might affect the outcome of the suit under governing substantive law. *Beck v. Somerset Technologies,* 882 F.2d 993 (5th Cir.1989) (citing *Anderson,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)); *see generally, Manarite v. City of Springfield,* 957 F.2d 953, 955 (1st Cir.), *cert. den.,* —— U.S. ——, 113 S.Ct. 113, 121 L.Ed.2d 70 (1992).

### B. *Substantive Arguments and Analysis*

Plaintiff alleges in his motion for summary judgment that the IRS violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, 633(a), and the Veteran's Preference Act, 5 U.S.C., generally and § 3311 (concerning veterans' receipt of credit for experience), because: 1) the application evaluation system used by the IRS causes "disparate treatment" of older persons, 2) the IRS failed to consider adequately his veteran's preference, and 3) the evaluation point system used by the IRS conflicts with 5 U.S.C. § 3311.

Defendant responds that this Court lacks subject matter jurisdiction over this case because 1) plaintiff failed to exhaust his administrative remedies with respect to his age discrimination and veteran's preference claims, and 2) the Veteran's Preference Act creates no independent cause of action. Furthermore, defendant contends that there is no genuine issue as to any material fact in the plaintiff's case and that, as a matter of law, defendant is entitled to judgment in his favor. Without addressing the jurisdic-

tion/exhaustion arguments, this Court considers the substantive merits of the cross motions for summary judgment.

■ In age discrimination, disparate treatment cases, the Supreme Court has set forth a well-established framework for evaluating the evidence to determine if the defendant intentionally discriminated against the plaintiff. *See, Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under that framework, the plaintiff has the initial burden of proving, by the preponderance of the evidence, a *prima facie* case of discrimination. *Burdine*, 450 U.S. at 253, 101 S.Ct. at 293–94, *citing McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824. The Court indicated that "the burden of establishing a *prima facie* case of disparate treatment is not onerous". *Burdine*, at 253, 101 S.Ct. at 1094. However, the Court continued,

> the plaintiff must prove by a preponderance of the evidence that she applied for an available position for which she was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination.

*Id.; see also, Patterson v. McLean Credit Union*, 491 U.S. 164, 186–90, 109 S.Ct. 2363, 2378–79, 105 L.Ed.2d 132 (1989).

In *McDonnell Douglas*, the Court provided a model for a *prima facie* case, stating that plaintiff must show:

> (i) that he belongs to a racial minority [or age or gender group]; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

*McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824. An important function of the *prima facie* case requirement, according to the Court, is to "eliminate[ ] the most common nondiscriminatory reasons for the plaintiff's rejection". *Burdine*, 450 U.S. at 253, 101 S.Ct. at 1094, *citing Teamsters v. United*

*States*, 431 U.S. 324, 358 and n. 44, 97 S.Ct. 1843, 1866 and n. 44, 52 L.Ed.2d 396.

■ If the plaintiff succeeds in establishing a *prima facie* case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the rejection". *Burdine*, 450 U.S. at 253, 101 S.Ct. at 1094, *quoting McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824. This is so, because the *prima facie* case raises a presumption or inference of discrimination. *Id.* Regardless of this burden shift, however, the ultimate burden of persuading the trier of fact of the alleged discrimination remains with the plaintiff. *Id.* The burden that shifts to the defendant is the burden to rebut the presumption of discrimination raised by the prima facie case by the production of evidence that plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason. *Id.* at 254, 101 S.Ct. at 1094.

If the defendant meets his burden of production, then the plaintiff must have an opportunity to prove, by a preponderance of the evidence, that the legitimate reasons offered by the defendant are merely a pretext for discrimination. *Id.* at 253, 101 S.Ct. at 1093–94, *citing McDonnell Douglas*, 411 U.S at 804, 93 S.Ct. at 1825. As the Court explained,

> placing [the] burden of production on the defendant thus serves simultaneously to meet the plaintiff's prima facie case by presenting a legitimate reason for the action and to frame the factual issue with sufficient clarity so that the plaintiff will have a full and fair opportunity to demonstrate a pretext.

*Id.* at 256–57, 101 S.Ct. at 1095. Plaintiff retains the final burden of persuading the trier of fact of intentional discrimination. *McLean*, 491 U.S. at 186–88, 109 S.Ct. at 2378, *citing, Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095.

■ In the case at bar, this Court finds that plaintiff has failed to satisfy the first step in the process, to wit, he has failed to make out a prima facie case of age discrimination. Plaintiff neither proved that he was qualified for the position nor that, after his rejection, the position remained open and the IRS sought applicants of his qualifications.

The IRS established a rating of 90 points as the threshold for candidates it considered "best qualified" for the position and plaintiff, regardless of age, did not reach that level of qualification. The analysis, therefore, ends here.

■ Finally, this Court briefly addresses plaintiff's Veteran's Preference Act argument, although such argument does not alter the determination that no *prima facie* case has been set forth. Without citing to any authority, plaintiff contends that the IRS should have added, on top of the five points for veteran's preference, 15 bonus points for experience, which is generally awarded for recent law school graduation, thus bringing his total to the 90 point threshold. This Court finds that the Veteran's Preference Act does not require the award of 15 bonus points for experience merely because plaintiff is a veteran. Rather, the statute provides that when experience is an element of qualification, an eligible veteran is entitled to credit "for all experience material to the position for which examined". 5 U.S.C. § 3311(2). According to the IRS Guidelines, 15 bonus points may be awarded for certain recent legal or accounting training or experience. The IRS did not violate any provision of the statute in failing to award such bonus points to plaintiff for unrelated, military experience.

### ORDER

For the foregoing reasons, plaintiff's motion for summary judgment is **DENIED** and defendant's cross-motion for summary judgment is **ALLOWED**.

So ordered.