Waste Mgt. v. Zimpro Envt'l          CV-94-257-B    09/13/95

UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


Waste Management of New Hampshire, Inc.

     v.                                      Civil No. 94-257-B

Zimpro Environmental, Inc. and
     Whessoe-Varec, Inc.


                          **O R D E R**

     Defendant, Zimpro Environmental, Inc. ("Zimpro"), moves for

partial summary judgment to establish a contractual limit on its

liability for plaintiff's contract claims.  Plaintiff, Waste

Management of New Hampshire, Inc. ("Waste Management"), counters

that its claims for property damage are not limited by the terms

of the contract.  For the reasons that follow, I deny summary

judgment.


                      **I.  BACKGROUND**

     The parties entered an agreement in September 1988 whereby

Zimpro contracted to design, supply, and install a leachate

treatment system at Waste Management's landfill site in

Rochester, New Hampshire.  The agreement included provisions

limiting Zimpro's exposure to certain damage claims and requiring

Zimpro to purchase insurance to cover other potential claims. In March 1993, the leachate treatment system failed causing an explosion, destruction of equipment, and contamination of soil and water on Waste Management's property.

Waste Management brought suit against Zimpro to recover its losses associated with the failure of the system and the resulting damage. Zimpro moves for partial summary judgment on Waste Management's breach of contract and breach of express and implied warranty claims and argues that the parties' agreement limits Waste's contract damages to the amount of Zimpro's available insurance or ten percent of the contract price, whichever is greater. Waste Management responds by claiming that property damage claims were excepted from the cap on Zimpro's liability for contract damages.

## II. DISCUSSION

Summary judgment is appropriate only if the record, viewed in the light most favorable to the nonmoving party, discloses no genuine dispute as to material facts, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Henley Drilling Co. v. McGee, 36 F.3d 143, 144 (1st Cir. 1994).

2

New Hampshire contract law provides the substantive legal standard that determines which facts are material.  <u>See</u>, <u>Space Master Int'l, Inc. v. Worcester</u>, 940 F.2d 16, 17 (1st  Cir. 1991).

Determining whether contract terms are ambiguous involves a legal question that the court must resolve.  <u>Holden Eng'g and Surveying v. Pembroke Rd. Realty Trust</u>, 137 N.H. 393, 395 (1993).  However, the interpretation of an ambiguous contract ordinarily presents a factual dispute to be resolved by the trier of fact.  <u>Public Serv. Co. v. Seabrook</u>, 133 N.H. 365, 370 (1990).  Therefore, when a contract provision is ambiguous, summary judgment will be appropriate only when "the extrinsic evidence about the parties' meaning is so one-sided that no reasonable person could decide the contrary."  <u>Bourque v. F.D.I.C.</u>, 42 F.3d 704, 708 (1st Cir. 1994) (internal quotations and citations omitted); <u>see also</u> <u>Gamble v. University Sys.</u>, 136 N.H. 9, 15 (1992) (court determined the meaning of an unambiguous contract term where, upon all of the evidence, any other reading would lead to an unreasonable result).

The parties' dispute focuses on two contract provisions, Sections X.I and VIII.A.3. Those sections provide as follows:

X.I <u>Contingent Damages</u>
ZIMPRO's total liability howsoever arising with respect to any of the obligations which it may have assumed by reason of its performance of the work under this Agreement is specifically limited as provided herein, and in no event shall ZIMPRO, its employees, agents and/or subcontractors be liable for any special, indirect or consequential damages whatsoever, including without limitation, any delays or loss of time in putting the PACT$^{tm}$ system into operation, or any delays or loss of time to other parts of OWNER's plant, or loss of production, profits, products, chemicals, utilities, catalysts, etc.

Except for liabilities and/or damages for bodily injury (including death) and property damage as specifically set forth under Section VIII, A.3. of this Agreement, ZIMPRO's total liability for breach of this Agreement, shall not exceed ten percent (10%) in the aggregate in the lump sum price given in Section VIII of this Agreement.

Included in this total limit of liability are the expenses to ZIMPRO for making such additions, alterations, adjustments and/or replacements to the treatment process as described in Section VI, C. in an attempt to meet said performance guarantee.

VIII, A.3 [<u>Pricing and Terms of Payment</u>]
The above stated sum includes the following listed insurance coverages which will be provided and maintained during the term of this Agreement. Insurance policy or policies (including Umbrella policies) shall name OWNER as additional insured to each liability policy below with respect to all activities arising out of the performance of the work. Liability coverage shall be primary to any insurance

4

maintained by the OWNER.  A Certificate of Insurance evidencing the referenced coverages shall be submitted to OWNER prior to any work being performed hereunder.

Workman's Compensation:
.  .  .
Comprehensive General Liability:
.  .  .
Comprehensive Auto Liability:
.  .  .
Builder's Risk
.  .  .  .

Zimpro argues that the phrase "except for liabilities and/or damages for bodily injury (including death) and property damage as specifically set forth under Section VIII of this agreement," when read in conjunction with the ten percent cap, limits Zimpro's liability for property damage claims to the types and amounts of insurance coverage that it was obligated to purchase under Section VIII of the contract or the ten percent cap, whichever is greater.  Waste Management contends that the phrase entirely excepts property damage claims from the ten percent cap. Having reviewed the contract and the extrinsic evidence submitted by the parties to support their interpretations of the disputed contract language, I conclude that the contract is ambiguous and that, when the extrinsic evidence presented with the motion is taken in the light most favorable to Waste Management, it does not clearly point to one interpretation of the disputed terms.

Therefore, a factual question of the parties' intent remains to be decided, and partial summary judgment as to the meaning of the liability limitation is not appropriate.  See <u>Bourque</u>, 42 F.3d at 708.

### III.  <u>CONCLUSION</u>

For the foregoing reasons defendant's motion for partial summary judgment (document no. 15) is denied.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

September 13, 1995

cc:  Jeffrey Osburn, Esq.
    Arthur Ciampi, Esq.
    Robert Gallo, Esq.
    H. Roland, Savage, Esq.