**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0777, <u>East Industrial Park Condominium Association v. Charles Blais</u>, the court on September 21, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  See <u>Sup. Ct. R.</u> 18(1).  We reverse and remand.

The plaintiff, East Industrial Park Condominium Association (association), appeals an order of the Circuit Court (<u>Coughlin</u>, J.), following trial, dismissing its action against the defendant, Charles Blais, in which it sought to recover unpaid assessments, penalties, interest, costs, and attorney's fees for a nonresidential condominium.  See RSA 356-B:15 (2009), :46 (Supp. 2014).  The trial court found that the association sent Blais, by first class mail, coupon books containing preprinted monthly assessments, that Blais received the books, and that he admitted "that he owe[d] those monthly assessments and late fees."  The trial court further found that the association "sends out . . . assessments for legal fees and interest . . . as well as for late monthly condominium assessments" by first class mail.  It ruled, however, that a notice provision in the association's bylaws required that it send all such assessments by registered or certified mail, and that its failure to comply with the provision precluded it from any relief.  On appeal, the association argues, in part, that the provision does not limit Blais's obligations in this case.  We agree.

A condominium association's governing legal documents, such as its bylaws, form a contract between the association and owners of condominium units within the association.  See <u>Barclay Square Condo. Owners' Assoc. v. Grenier</u>, 153 N.H. 514, 517 (2006).  As with any contract, we review the trial court's interpretation of condominium bylaws <u>de</u> <u>novo</u>, <u>see</u> <u>id</u>., reading the document as a whole, and deciphering the parties' intent, absent ambiguity, from the plain meaning of the language used, <u>see</u> <u>Duke/Fluor Daniel v. Hawkeye Funding</u>, 150 N.H. 581, 582-83 (2004).

In this case, the relevant notice provision states:  "All notices mailed pursuant to the provisions of . . . these Bylaws . . . when . . . directed to any Owner shall be sent by registered or certified mail to the last known address of such Owner . . . or to such other address as the Owner may designate . . . ."  In dismissing the case due to the association's failure to abide by this provision, the trial court implicitly determined that the provision creates a condition precedent to Blais's obligation to pay assessments, penalties, interest, costs,

and attorney's fees.  See Renovest Co. v. Hodges Development Corp., 135 N.H. 72, 78-79 (1991).  We disfavor conditions precedent, and infer that parties intended to create a condition precedent only when the plain language of the agreement requires such a construction.  See Holden Eng'g and Surveying v. Pembroke Rd. Realty Trust, 137 N.H. 393, 396 (1993).

By its plain language, the notice provision simply requires that, if a "notice" is to be "mailed pursuant to the provisions of . . . these Bylaws," it will be mailed by certified or registered mail.  (Emphasis added.)  The bylaws contain several provisions expressly requiring written "notice" to owners, and allowing or requiring the association to deliver such notices by mail.  With respect to the charges at issue in this case, however, the bylaws contain no language denoting any intent to condition the owner's obligation upon the delivery of "notice" by mail.  See id.  Indeed, Blais concedes that, even without notice by certified or registered mail, he is liable for unpaid assessments, and for penalties and interest imposed on such assessments, because the bylaws provide explicit notice of his obligations relative to such charges.  He argues, however, that because "the calculation and imposition of attorney's fees is not explicit" under the bylaws, he had no obligation to pay attorney's fees, or any interest or fines based upon the nonpayment of attorney's fees, unless he received notice of such charges by registered or certified mail.  We disagree.

With respect to the nonpayment of assessments, the bylaws provide:

> Each monthly assessment of Common Expenses, and each special assessment, shall be a separate, distinct, and personal debt and obligation of the Owner against whom it has been assessed, and shall be collectible as such. . . .  The amount of any monthly assessment or special assessment against any Owner which is not paid on its monthly or other due date, plus interest at the rate of twelve percent (12%) per annum, as well as costs of collection including reasonable attorney's fees, shall constitute a lien upon such Owner's Unit, pursuant to RSA 356-B:46 . . . and the Owner shall be liable for the payment of interest on each monthly assessment or special assessment from the date of any default, and shall be liable for any costs of collection in addition to such assessment, provided however that such interest and costs of collection may be waived by the Board, in any specific instance and in its sole discretion . . . .  In any . . . lawsuit brought in connection with the enforcement of such lien, the Owner of the Unit shall be required to pay the costs and expenses of any such proceedings, as well as reasonable attorney's fees.

(Emphasis added.)  By its plain language, this provision creates a lien in the amount of any unpaid assessment or special assessment, interest on the unpaid assessment or special assessment, and the "costs of collection

2

including reasonable attorney's fees" incurred as a result of the unpaid assessment or special assessment. Separately, it creates liability in the owner for "the costs and expenses . . . as well as reasonable attorney's fees" incurred by the association in bringing suit to enforce its lien. Nothing in this language conditions the liability of the owner upon the mailing of any notice.

This analysis is not inconsistent with Heaton v. Boulders Properties, Inc., 132 N.H. 330 (1989). In Heaton, the defendant seller entered into a real estate listing agreement with a realtor in which the seller reserved the right to terminate the agreement, but agreed to pay a commission "if a sale . . . of [the] property [was] made within SIX (6) months after the termination . . . to persons with whom [the realtor had] negotiated during [the agreement's] term . . . and whose names the [realtor had] . . . submitted in writing by certified mail to [the seller] within TEN DAYS after [the agreement's] termination." Heaton, 132 N.H. at 332 (emphasis added). Unlike the agreement in this case, the plain language of the termination provision in Heaton expressly conditioned the seller's obligation to pay a post-termination commission upon the realtor's timely provision of notice by certified mail. See id. at 334-35 (holding that under the contract's express language, notice by certified mail governed the obligation to pay a commission).

Because the trial court erroneously determined that the bylaws conditioned Blais's liability upon the association's delivery of assessments by registered or certified mail, we reverse and remand for further proceedings consistent with this order. We express no opinion as to whether any specific charge that the association seeks to recover is in fact recoverable under RSA 356-B:46, the terms of the bylaws, or the facts of the case.

Reversed and remanded.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

3