ROYAL-GLOBE INSURANCE COMPANY *vs.* MARTIN SCHULTZ. April 21, 1982. On August 7, 1978, while operating a moped, the defendant was involved in an accident with an automobile. The moped was not insured. However, the defendant had a policy of insurance with the plaintiff covering his 1972 automobile.[1] The policy was divided into two parts: compulsory and optional insurance. Under optional insurance, coverage was provided for medical payments (Part 6) and for bodily injury caused by an under-insured automobile (Part 7). The defendant made a claim for coverage under the optional provisions of his policy.[2] The plaintiff denied coverage on the basis of an exclusion under Parts 6 and 7, which provided that the insurer will not pay benefits for "[a]nyone injured while occupying . . . *an auto* owned or regularly used by [the insured] . . . unless a premium for this Part is shown for that auto on the Coverage Selections page" (emphasis added). The policy defines "auto" as "a land motor vehicle." The plaintiff filed a complaint seeking a declaratory judgment concerning the respective rights of the parties under the insurance policy. The judge ruled that the plaintiff was liable under the policy because the term "land motor vehicle" did not include a moped. We disagree.

If words in an exclusionary clause are free from ambiguity, we give the words their usual and ordinary meaning. See *Barnstable County Mut. Fire Ins. Co. v. Lally*, 374 Mass. 602, 605 (1978). The defendant admits that his moped moves over land, and is equipped with a small motor. A moped is defined as: "[a] low, two-wheeled *vehicle* resembling a bicycle and having two pedals and a small *motor by which it is driven*" (emphasis added). The American Heritage Dictionary 852 (1981). Therefore, we conclude that a moped is included in the definition of "land motor vehicle." We are supported in our conclusion by the policy's use of the term "land motor vehicle," and not just "motor vehicle." See G. L. c. 90, § 1.[3]

---

[1] This vehicle was not involved in the accident.

[2] The defendant also made a claim for personal injury protection benefits (PIP), which claim he subsequently waived.

[3] General Laws c. 90, § 1, expressly excludes "motorized bicycles" from the definition of "motor vehicles" for purposes of compulsory insurance coverage. How-

Courts in New York, California, and the District of Columbia have reached the same conclusion, but in slightly different circumstances. *Lalomia* v. *Bankers & Shippers Ins. Co.*, 35 App. Div. 2d 114 (1970), aff'd, 31 N.Y.2d 830, 832 (1972) (motorized bicycle was motor vehicle within meaning of uninsured motorist endorsement contained in insurance policy). *People* v. *Jordan*, 75 Cal. App.3d Supp. 1, 5-7 (1977) (moped considered motor vehicle in prosecution for drunk driving). *United States* v. *Stancil*, 422 A.2d 1285, 1287-1288 (D.C. App. 1980) (moped considered "motor vehicle" for purposes of statute governing unauthorized use of a vehicle).

The authorities cited by the defendant are inapposite. See, e.g., *Aetna Ins. Co.* v. *Weiss*, 174 N.J. Super. 292 (1980) (policy definition of motor vehicle "unserviceable," and, therefore, ambiguity resolved in favor of insured); *Pennsylvania Nat'l Mut. Cas. Ins. Co.* v. *Gartelman*, 288 Md. 151, 153 n.1, 161 n.4 (1980) (court declined to decide whether moped was a "motor or highway vehicle" under the insurance policy).

The judgment is reversed and the case remanded to the Superior Court for entry of a declaration that a moped is a "land motor vehicle," and therefore is within the policy exemption. The defendant, therefore, is not entitled to recover under Parts 6 and 7 of the insurance policy.

*So ordered.*

*David D. Dowd* for the plaintiff.

*Herbert D. Lewis* (*Roberta L. Paris* with him) for the defendant.

---

ever, noncompulsory coverage is solely concerned with the terms of the contract of insurance. *Cormier* v. *Hudson*, 284 Mass. 231, 233-234 (1933).