JOHN S. THOMAS *vs.* THE HARTFORD ACCIDENT AND
INDEMNITY COMPANY.

Essex.   October 8, 1986. — December 10, 1986.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Insurance,* Motor vehicle insurance, Construction of policy.

Where a husband's motor vehicle insurance policy, listing him as the sole
operator and his automobile as the only vehicle on the policy, contained
an exclusionary clause reciting that medical expenses would not be paid
for injuries to "[a]nyone injured while occupying or struck by an auto
owned or regularly used by you or any household member unless a
premium for [medical payments] is shown for that auto on the Coverage
Selections page," the husband, who had been injured while operating a
motor vehicle owned and separately insured by his spouse, was not
entitled to recover medical payments benefits under his own policy over
and above the benefits he had already collected under his spouse's policy.
[783-784]

CIVIL ACTION commenced in the Superior Court Department
on April 24, 1984.

The case was reported by *William Highgas, Jr.,* J., sitting
under statutory authority. The Supreme Judicial Court granted
a request for direct review.

*Mitchell J. Wallman* for the plaintiff.
*John P. Ryan* for the defendant.

LYNCH, J. This case arises out of the defendant's refusal to
pay under the plaintiff's own policy for medical expenses in-
curred by him while operating a motor vehicle owned and
insured by his spouse. A judge of the Superior Court reported
the case to the Appeals Court in accordance with Massachusetts
Rule of Civil Procedure 64, 365 Mass. 831 (1974), and we
allowed Thomas's application for direct appellate review.

The following facts were stipulated by the parties. The plain-
tiff was insured by the defendant, The Hartford Accident and
Indemnity Company (Hartford), under a Massachusetts motor

vehicle insurance policy which provided coverage for the plaintiff's 1973 Plymouth automobile. Thomas was the only operator listed on that policy, and the Plymouth was the only vehicle described on his policy. The policy provided optional medical payments coverage with limits of $5,000 per person, for which Thomas paid an additional premium of $6.00. The vehicle owned by the plaintiff's wife, Lois E. Thomas, was insured by Hartford under a separate Massachusetts motor vehicle insurance policy that also provided optional medical payments coverage with limits of $5,000 per person for an additional $6.00 premium. The policy listed Lois E. Thomas as the only operator of the 1969 Rambler and the Rambler was the only vehicle described on her policy.

Thomas was injured on December 7, 1981, while operating the 1969 Rambler owned by Lois E. Thomas. As a result, Thomas incurred medical expenses in excess of $22,000. Hartford paid Thomas $5,000 pursuant to the medical payments coverage provided under Lois E. Thomas's policy of insurance, but has refused to pay Thomas any medical payments benefits under his own policy.

Thomas's coverage is determined by the terms of his policy. Hartford argues that no medical payments coverage is available to Thomas in this case because of the exclusion contained within Part 6:

> "We will *not* pay for [medical] expenses resulting from injuries to: . . .
> "5. Anyone injured while occupying or struck by an auto owned or regularly used by you or any household member unless a premium for this Part is shown for that auto on the Coverage Selections page." (Emphasis in original.)

At the time of the accident, Thomas was operating a motor vehicle owned by his spouse, with whom he resides. Therefore, the terms of Thomas's policy preclude recovery "unless a premium for [medical payments] is shown for [Lois E. Thomas's] auto on the Coverage Selections page."

The Thomases' automobiles were insured under two separate insurance contracts with Hartford. Lois E. Thomas's Rambler

was not mentioned on the coverage selections page of Thomas's policy for the Plymouth, nor was an additional medical payments premium paid for Lois E. Thomas's Rambler on Thomas's policy. Under the clear terms of the policy, Thomas is not entitled to receive medical payments benefits under his own policy for injuries received while he was operating his spouse's vehicle.

Our conclusion is not altered by Thomas's reference to a further provision of Part 6 which provides:

> "If someone covered under this Part is also entitled to Medical Payments coverage under another auto policy issued to you or any household member, we will pay only our proportionate share.
>
> "If someone covered under this Part is using an auto he or she does not own at the time of the accident, the owner's automobile Medical Payments insurance must pay its limit before we pay. Then, we will pay up to the limit shown on your Coverage Selections page for any expenses not covered by that insurance."

Where there is no ambiguity, we will construe the terms of an exclusionary clause according to their ordinary meaning. *Royal-Globe Ins. Co.* v. *Schultz,* 385 Mass. 1013 (1982). Since Thomas is expressly excluded from medical payments coverage by the quoted paragraph 5 of Part 6, *supra,* he is not "someone covered under this Part."

The result is consistent with our holding in *Royal-Globe Ins. Co.* v. *Schultz, supra.* In *Schultz,* we applied a "regular use exclusion" barring recovery of optional uninsured motorist benefits for a 1978 accident. The words of the exclusionary clause here are virtually identical to the terms in *Schultz.* Although *Schultz* involved optional uninsured motorist coverage, our interpretation of the policy language in the present case is supported by the conclusion reached in *Schultz* that once the moped was deemed to fall within the term "auto" as a "land motor vehicle," the regular use exclusion operated to prevent recovery.

Accordingly, we remand this case to the Superior Court with instructions that a judgment be entered declaring that the exclusion contained within the plaintiff's policy precludes his recovery of medical payment benefits.

*So ordered.*