**J.I. CORP., f/k/a New England Rare Coin Galleries, Inc., Plaintiff, Appellant,**

v.

**FEDERAL INSURANCE COMPANY, d/b/a Chubb Group of Insurance Companies, Defendant, Appellee.**

No. 90–1249.

United States Court of Appeals, First Circuit.

Heard Sept. 12, 1990.

Decided Dec. 7, 1990.

Richard D'A. Belin, with whom Foley, Hoag & Eliot, Boston, Mass., was on brief, for plaintiff, appellant.

Paul R. Devin, with whom George C. Rockas, Lisa A. Pake and Peabody & Arnold, Boston, Mass., were on brief, for defendant, appellee.

Before TORRUELLA, Circuit Judge, BOWNES, Senior Circuit Judge, and CYR, Circuit Judge.

TORRUELLA, Circuit Judge.

On appeal is the grant of summary judgment by the United States District Court for the District of Massachusetts against J.I. Corporation a/k/a New England Rare Coin Galleries, Inc. The district court based its decision on appellant's failure to comply with the unambiguous discovery and notice provisions of its insurance policy. Although we affirm on the basis of the district court's decision, we find it appropriate to briefly discuss our reasons.

This case arose out of a dispute concerning the interpretation of a fidelity insurance policy which insured appellant against losses sustained as a result of employee dishonesty. The facts are reproduced in more detail in the district court's memorandum and order. *J.I. Corporation v. Federal Insurance Company,* 730 F.Supp. 1187 (D.Mass.1990).

## THE APPLICABLE LEGAL STANDARDS

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Our review of a summary judgment is plenary. *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 48 (1st Cir. 1990). We are required to view the record in the light most favorable to the party against whom a motion for summary judgment is directed, and give that party the benefit of all the reasonable inferences to be drawn therefrom. *Mack v. Great Atlantic and Pacific Tea Co. Inc.,* 871 F.2d 179, 181 (1st Cir.1989).

"[T]he responsibility of construing the language of an insurance contract is a question of law for the trial judge." *Jet Line Services, Inc. v. American Employers Insurance Co.*, 404 Mass. 706, 710 n. 5, 537 N.E.2d 107 (1989) (citing *Cody v. Connecticut General Life Insurance Co.*, 387 Mass 142, 146, 439 N.E.2d 234 (1986)). An insurance contract is construed according to the "fair and reasonable meaning of the words in which the agreement of the parties is expressed." *Cody v. Connecticut General Life Insurance Co.*, 387 Mass. at 146, 439 N.E.2d 234.

The language of a contract is considered ambiguous only if the terms of the contract are fairly susceptible to more than one construction. *See Prudential Insurance Co. v. Miller Brewing*, 789 F.2d 1269, 1275 (7th Cir.1986); *Bradley Bank v. Hartford Acc. & Indemnity*, 737 F.2d 657, 660 (7th Cir.1984). Where there is no ambiguity, we will construe a contract according to the ordinary meaning of the words contained in its provisions. *See Thomas v. Hartford Accident & Indemnity Co.*, 398 Mass. 782, 784, 500 N.E.2d 810 (1986) (citing *Royal-Globe Ins. Co. v. Schultz*, 385 Mass. 1013, 434 N.E.2d 213 (1982)); *see also Prudential Insurance Co. v. Miller Brewing*, 789 F.2d at 1275. Moreover, where the contract language is unambiguous the interpretation becomes a question of law and hence appropriate for summary judgment. *Boston Five Cents Savings Bank v. Secretary of the Department of Housing and Urban Development*, 768 F.2d 5 (1st Cir. 1985); *Edmonds v. United States*, 642 F.2d 877, 881 (1st Cir.1981).

## DISCUSSION

Appellant avers that the district court erred in granting summary judgment in favor of appellee Federal Insurance Company ("FIC"). Essentially, appellant alleges that the district court erred in enforcing the discovery provisions contained in the policy. It avers that there was a genuine issue of material fact with regard to its failure to discover the losses due to "adverse domination and control" as established in *Kehoe v. Peerless Insurance Co.*, [1980 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 97,583, 1980 WL 1425 (D.Mass. June 22, 1980), and *Admiralty Fund v. Peerless Insurance Co.*, 143 Cal.App.3d 379, 191 Cal.Rptr. 753 (1983).[1] Finally, appellant contends that the district court erred, as a matter of law, in interpreting and enforcing the notice requirement provisions.

### I. Discovery Provision

The district court found that no tolling of the discovery or notice period was available to the insured because, even if the principle of equitable tolling were applicable, the undisputed facts revealed that the dishonest employees had not exerted adverse domination and control over the company. The district court stated that the principle of equitable tolling applied in *Kehoe v. Peerless Insurance Co.*, [1980 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 97,583 and in *Admiralty Fund v. Peerless Insurance Co.* 143 Cal.App.3d 379, 191 Cal.Rptr. 753 (1983), should be distinguished as the limited exceptions to the general rule which they represent, and which are apparent from their facts.

We agree with the district court's distinction of the *Kehoe* and *Admiralty* cases. In these cases the courts found that summary judgment was precluded because the facts indicated an issue as to whether "adverse domination and control" existed. Clearly, in both cases the use of the equity tolling principle was a result of legislative concern for the protection of innocent investors. In the instant situation the critical distinguishing element is that appellant was in control and was defrauded by those employees over whom it had control. There being no disputed fact, and the law being properly applied, we reject appellant's argument.

**1.** This is a diversity action. Appellant is a corporation incorporated in the Commonwealth of Massachusetts; appellee is a New Jersey corporation with a place of business in Boston, Massachusetts. As provided by the policy in question, the district court applied Massachusetts substantive law.

## II. Notice Provision

The district court further rejected appellant's request that it extend *Johnson Controls v. Bowes*, 381 Mass. 278, 409 N.E.2d 185 (1980), to obligations other than liability insurance policies. In that case the court held that a liability insurer must establish actual prejudice resulting from late notice in order to deny coverage. The district court further stated that, contrary to appellant's allegations below, in *Boston Mutual Life Insurance Co. v. Fireman's Fund Insurance Co.*, 613 F.Supp. 1090, 1106 (D.Mass.1985), the court rejected the notion that the *Johnson* holding be automatically extended to all types of insurance policies. Therefore it concluded that the fidelity policy at issue did not fall under the *Johnson Controls* doctrine.

On appeal, it is alleged by appellant that *Johnson Controls v. Bowes, supra,* be applied to the instant situation. Appellant argues that the Supreme Judicial Court of Massachusetts clarified the reach of the *Johnson Controls* case in *Chas. T. Main, Inc. v. Firemen's Fund Insurance Company*, 406 Mass. 862, 551 N.E.2d 28 (1990). This case stands for the proposition that for the purpose of defining coverage, the application of *Johnson Controls* is triggered by the date of the occurrence and not the date of the claim. Thus the distinction to be made in order for equitable tolling to apply is not whether it is a liability policy or a fidelity policy but rather whether the policy in question is a "claims made," [2] or an "occurrence" policy. Appellant argues that the policy at issue is one covering the losses sustained within the policy period regardless of when the claim is made, thus it is an "occurrence" policy and falls under the *Johnson Controls* rule. Appellant reinforces this argument by alleging that the language of the coverage provision is ambiguous.

The policy's insuring clause provides in pertinent part:

In consideration of payment of the required premium and subject to all of the terms and provisions of this policy, the Company agrees with the Insured to pay the Insured for losses any Insured shall sustain or discover it has sustained during the policy period in the manner set forth below.

The policy exclusions state:

Coverage under this policy does not apply to:

loss unless discovered and written notice thereof given to the Company within (1) sixty days following termination of this policy in its entirety; ... or

loss sustained by any Insured herein unless discovered and written notice thereof given to the Company within sixty days following termination of this policy as to such Insured, or

loss under any Insuring Clause which is terminated in its entirety unless discovered and written notice thereof given to the Company within sixty days following such termination.

We find no ambiguity in the terms of the provisions in question. There is but one way to construe these provisions. *See Thomas v. Hartford Accident & Indemnity Co.*, 398 Mass. at 784, 500 N.E.2d 810; *Prudential Insurance Co. v. Miller Brewing*, 789 F.2d at 1275. The ordinary meaning of the words contained in the exclusions clearly is that no coverage exists unless written notice is given within a specified period of time. Moreover, if "claims made" policies provide coverage only for claims made and reported within the period prescribed by the policy, the instant provisions clearly reveal a "claims made" type policy. As such, even applying appellant's strained perception of the applicable law, we hold that the *Johnson Controls* case is inapplicable in the instant situation. Therefore, the district court's well-reasoned decision is

*Affirmed.*

---

**2.** "Claims made" policies provide coverage only for claims made and reported within the period prescribed by the policy regardless when the claim arose. An "occurrence" policy covers all claims arising during the time the policy was in effect even if the claim is filed after the expiration of the policy period.