Fecteau, J.
Plaintiffs filed this action seeking a declaratory judgment on the coverage they are owed pursuant to their homeowners insurance policy which was issued by the American Casualty Company. The defendant in this case is incorrectly identified in the caption. The case is presently before the court on the parties’ cross motions for summary judgment. For the following reasons, the defendant’s motion for summary judgment is ALLOWED.
BACKGROUND
William and Gail Welch purchased property located at 9 Old Town Way, Charlton, MA, in May of 1986. At the time of their purchase the property next door, the “Barnes property,” was licensed as a welding shop and had been used as a junkyard for several years. The following year the town licensed the Barnes property as a junkyard and old automobiles as well as appliances were stored there. The plaintiffs maintained a homeowners insurance policy with the American Casualty Company which was in effect at all times relevant to the case presently before the court.
In September of 1991, the Massachusetts Department of Environmental Protection tested drinking water in the area and found that the plaintiffs’ private well contained trace levels of dichlorodiflourometnane (Freon 12). At the time that the contamination was discovered, Gail Welch was four months pregnant. The plaintiffs and their family discontinued their use of the well water for all activities related to consumption. For a period of time they did not use the water for bathing, either.
The plaintiffs submitted a claim with the defendant requesting coverage under their homeowners insurance policy. The damages initially sought were for alleged personal injuries sustained by the plaintiffs, including a claim for a traumatic pregnancy, the need for the plaintiffs to use bottled water, and the inability of the plaintiffs to sell their property. The defendant denied coverage for all of the damages alleged by the plaintiffs.
*85 In the affidavit provided by Gail Welch in support of the plaintiffs’ motion for summary judgment, she alleges that the plaintiffs suffered damage to their plumbing and piping system as well as to their real and personal property. However, a subsequent deposition reveals that Gail Welch has no personal knowledge or evidence to substantiate such a claim. Therefore, this court will not consider the additional claims of damage made in the affidavit for purposes of this motion.
The defendant contends that the insurance policy issued to the plaintiffs does not cover the types of damages which the plaintiffs claim to have sustained. Moreover, it is the position of the defendant that the pollution exclusion clause contained in the insurance contract bars the plaintiffs from recovering damages related to the contamination of their well water.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where the situation is such that “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
The plaintiffs cannot maintain a claim against the defendant for damages to their land. The coverage promised in the insurance contract “does not apply to land, including land on which the dwelling is located.” “If the words of a contract are plain and free from ambiguity, they must be construed in accordance with their ordinary and usual sense.” Edwin R. Sage Co. v. Foley, 12 Mass.App.Ct. 20, 28 (1985); Thomas v. Hartford Accident and Indem. Co., 398 Mass. 782, 784 (1986) (“where there is no ambiguity, we will construe the terms of an exclusionary clause according to their ordinary meaning”). The terms of the contract are not ambiguous, indeed the plaintiffs have not argued that any such ambiguity exists, therefore any claim for damages to the land itself is not sustainable.
The clear implication of the insurance contract is that the well water should be considered a part of the plaintiffs’ land. The insurance contract provides coverage for “dwellings,” “other structures,” and “personal property.” The private water supply is not a dwelling or other structure, and cannot reasonably be construed to be personal property. Massachusetts common law generally considers natural resources to be personal property only once they have been severed from the land. See Cogliano v. Commonwealth, 334 Mass. 358 (1956). Therefore, the plaintiffs’ water supply remains a part of the real estate and damage to it, characterized by the plaintiffs as “a need to use bottled water,” is not covered by the insurance contract.
Similarly, a claim for personal injury damages cannot be asserted because the insurance contract does not cover damages resulting from personal injury. The insurance policy specifies in Section I that coverage will be extended to the dwelling, other structures on the residence premises, and personal properly owned and used by the insured. In Section II of the policy, the insured is afforded coverage against any personal liability arising from a claim of injury by a third party. The contract specifically excludes recovery by the insured for personal injuries incurred by the insured or other members of the household. Consequently, the claim for personal injury damages, including the plaintiffs’ claims for physical and emotional injuries, as well as for traumatic pregnancy, must fail.
The plaintiffs are not entitled to recover any losses they have sustained under Section II of the insurance contract. Section II unambiguously states that the insured is covered in two additional circumstances; first, as stated above, the insured is covered against a claim or suit which is bought against an insured because of bodily injury or property damages covered by the insurance contract and suffered by a third party. Second, the section covers necessary medical expenses incurred by third parties, excluding the insured and residents of the household.
Under the plain language of the contract, Section II does not cover the claims made by the plaintiffs. The record is devoid of any evidence that a claim or suit has been filed against the plaintiffs as a result of the contamination of their property.
The remaining claim asserted by the plaintiffs is for damages suffered as a result of their inability to sell their property. This is not a loss which is compensable under a homeowners insurance policy. As discussed above, the property coverage under Section I of the policy is limited to direct physical loss to a dwelling, structure on the premise, or personal property. A loss of value or the inability to sell a piece of land is clearly not intended to be within the scope of coverage of the insurance contract.
ORDER
For the foregoing reasons, the plaintiffs’, William and Gail Welch, motion for summary judgment is DENIED and the defendant’s, American Casualty Company, motion for summary judgment is ALLOWED.